CASE 23—PETITION ORDINARY—FEBRUARY 12.

# Henderson & Corydon Gravel Road Co. v. Cosby.

APPEAL FROM HENDERSON CIRCUIT COURT.

1. PRACTICE IN CIVIL CASES—VIEW OF PREMISES BY JURY.—In an action for damages by reason of an accident brought about by the unsafe and dangerous condition of a road, the court properly exercised its discretion at the trial in refusing to order a view of the premises by the jury, under the provisions of section 318 of the Civil Code, where several months had elapsed since the accident, and the pile of gravel, which it was claimed caused the injury had been spread, and the condition of the road was changed from what it was when the accident occurred.

2. ROADS—LIABILITY TO TRAVELERS.—Where a traveler's horse becomes frightened and injures him in consequence of the unsafe condition of the road, the injury will be regarded as the result of the road company's negligence in failing to keep its road in a reasonably safe condition.

R. H. CUNNINGHAM AND YEAMAN & LOCKETT FOR APPELLANT.

1. Upon the whole evidence the court should have directed the jury to find for the defendant, at any rate the verdict is palpably against the weight of the evidence.

2. A road company is only bound to use ordinary care and diligence in keeping the road in repair, and is not an insurer of the safety of persons traveling over it. Am. & Eng. Enc. of Law, vol. 27, p. 341; Southworth v. O. & S. G. T. P. Co., 91 Ky., 485; Spear v. G. & C. Gravel Road Co., 4 Ind. App., 529 (31 N. E. Rep., 381); Kreider v. Lancaster, &c., T. P. Co., 29 Atl. Rep., 721; Francis. v. Weaver, 25 Atl. Rep., 413.

3. The company was only bound to use ordinary care and is not liable, unless it knew, or by ordinary diligence could have ascertained the defect, and failed within a reasonable time to repair it. Muldraugh Hill Co. v. Maupin, 79 Ky., 104; Ware v. Turnpike Co., 3 Ky. Law Rep., 325; North v. Turnpike Co., 9 Ky. Law Rep., 326; Georgetown, &c., Turnpike Co. v. Cannon, 7 Ky. Law

Henderson & Corydon Gravel Road Co. v. Cosby.

Rep., 379; Board of Internal Improvement v. Mozier, 15 Ky. Law Rep., 656; Wray v. Stanford T. P. Co., 11 Ky. Law Rep., 15; Stanford T. P. Co. v. Wray, 12 Ky. Law Rep., 45.

4. The court should have permitted the jury upon appellant's motion to view that portion of the road where the accident occurred.

S. B. & R. D. VANCE FOR APPELLEE.

1. A view of the place where the accident occurred, at the trial, which was eight months after the accident, would have been quite improper, as the conditions which caused the injury complained of had wholly disappeared.

2. The instructions given by the court contain substantially the two asked for by the defendant, and are in effect the same as those given in the case of Danville Turnpike Road Co. v. Stewart, 2 Met., 119.

3. Lack of notice of the defect is a matter of defense, and in this case the company does not deny notice of the defect, which caused the accident; the evidence shows that the defendant had been engaged in repairing the road, and that the defect complained of existed while that was being done.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

The appellant, Henderson & Corydon Gravel Road Co., owns a gravel road upon which toll is charged. On the 22d day of October, 1894, the appellee was traveling on the road in a wagon drawn by a horse and mule. He was thrown from his wagon and his leg broken, from which he suffered, physically, mentally, the loss of time, and incurred expense, etc. He averred that in injury resulted because the road was in an unsafe and dangerous condition; that he exercised due care in traveling on the road, and the injury nowise resulted from his negligence or want of care. The answer denied that the road was in an unsafe condition, or that the injury resulted to the plaintiff by reason of the unsafe condition of the road, etc.

The jury returned a verdict for $1,500. The plaintiff introduced several witnesses whose testimony tended to sustain his claim that the road was in an unsafe condition at the point where he received the injury. The defendant introduced a number of witnesses whose testimony tended to show that the road was in a reasonably safe condition. The jury heard and saw all the witnesses. They were the judges of the facts, and having passed upon them, we can not set the verdict aside, as we can not say that the verdict is so against the weight of the evidence, if at all, that it is palpably so. There is such a conflict in the testimony, had the verdict been for the defendant, we should not have disturbed it on the grounds that it was palpably against the weight of the testimony.

It is urged that the court erred in not sending the jury to view the place where the accident occurred. As to whether the jury should have been sent to view the place, was a matter in the discretion of the court. The court must always determine from the peculiar facts in each case as to whether it is necessary for the jury to view the premises, to enable them to get a proper understanding of the case. The code provides that whenever, in the opinion of the court, it is proper for the jury to have a view of the real property which is the subject of litigation, or of a place at which any material fact occurred, it may order the jury to be conducted to it. (Civil Code, Sec. 318.)

In this case the court properly exercised its discretion, because several months had elapsed since the accident, and the pile of gravel in the road, which in part, according to the claim of the plaintiff, caused the injury, had been spread,

and its condition was then unlike it was when the accident occurred, besides the rut in the road was probably filled up. At any rate there was no testimony tending to show that the conditions remained as they existed when the accident occurred.

The appellant claims that the court erred in allowing witnesses for the plaintiff to give their opinion as to whether the road was in an unsafe condition at the time of the accident. Without pausing to consider whether the court erred in allowing such testimony, it is sufficient to say that we have been unable to find where the appellant made any objection to such testimony; and it also introduced a number of witnesses who gave the same kind of testimony.

It is urged that the court should have required the plaintiff to make a diagram and cross-section of the defendant's road at the place where the accident occurred as he gave his testimony. It does not appear that the plaintiff had the ability to do such a thing, besides that had been done by a civil engineer; and the diagram made by him was used on the trial. It was offered by the appellant, and the accuracy of which was not questioned. We think the court gave the law of the case. Under the instruction of the court the jury could not find for the plaintiff, unless they believed that the plaintiff's injury resulted from the unsafe condition of the road. They were told that if the injury resulted from the want of ordinary care on the part of the plaintiff or the misconduct of his team, and not by the unreasonably unsafe condition of the road, they should find for the defendant. The law required the appellant to keep its road in a reasonably safe condition, and if this was done the plaintiff was

not entitled to recover damages.   Whilst the instruction did
tell the jury that it was the duty of the defendant to
keep its road in a reasonably safe condition, it did
tell the jury that it was the duty of the defendant to
keep its road in such repair that all ordinary vehicles could
pass and repass upon or over it with safety by the use of
ordinary care.   Certainly, if the road was not in such con-
dition that the traveling public could not safely use the road
by the use of ordinary care, it can not be said that it was in
a reasonably safe condition.   The instruction, with reference
to the misconduct of the team, was more favorable to the
defendant than it was entitled to have given to the jury.   If
the road had been in a reasonably safe condition, then the
fact that the plaintiff was injured in consequence of his horse
becoming frightened would not render the defendant liable
for the injury that resulted; but if it was not in a safe con-
dition by reason of the gravel and rut in the road, then the
fact that the plaintiff's horse became frightened and jumped,
throwing the wheels on one side of the wagon on the pile of
gravel, and those on the other side into the rut, causing plain-
tiff to be thrown from the wagon, would not relieve the de-
fendant from liability for the damage.   The defendant must
know from the nature of the horse that even one that is
regarded as perfectly safe may become frightened, and, if
the road is in an unsafe or dangerous condition,
the traveler can not, with a frightened horse, be regarded as
being certainly able to avoid the danger which the unsafe
condition of the road produces.   If a horse regarded as
safe becomes frightened and injures the traveler in con-
sequence of the unsafe condition of the road, the injury must

be regarded as the result of the defendant's negligence in failing to keep its road in a reasonably safe condition.

The court did not err in failing to give the jury an instruction on the question as to whether the defendant's agents knew of the unsafe condition of the road, or that they had such knowledge for such time that would reasonably enable them to have repaired the road. The answer denied that the road was unsafe. All the proof which the defendant offered which bore upon the question of the condition of the road, tended to show that it was not in an unsafe condition. The defendant did not attempt to defeat a recovery for the want of knowledge that the road was in an unsafe condition, neither did the defendant ask an instruction upon the question.

The judgment is affirmed.