### Barton Payne, Agent, Etc. v. Bowman's Administratrix.

(Decided June 22, 1923.)

## Appeal from Boyle Circuit Court.

1. Railroads—Negligence in Operating Locomotive May be Alleged Generally.—Negligence may be alleged generally, and it is unnecessary to set out in the petition the acts constituting negligence in the operation of a locomotive over a crossing or in the maintenance of the crossing.

2. Appeal and Error—Refusal to Strike Allegations of Facts Not Permitted to be Proved Held Not Prejudicial.—It is immaterial whether the trial court's refusal to strike certain allegations from

a petition was proper or not, where, on the trial, it excluded all evidence as to the matters thereby alleged, of which defendant had any ground for complaint.

3. Appeal and Error—Repeating Questions After Ruling Does Not Require New Trial Unless Clear Abuse of Discretion.—Since, in the course of a jury trial there is little time for deliberation and much that occurs is not included in the transcript and not seen in its true light, when all that did occur is not before the Court of Appeals, a new trial will not be granted by the Court of Appeals on the ground of alleged misconduct of plaintiff's counsel in asking questions which had once been ruled out by the court, unless there was a clear abuse of the privilege of counsel preventing a fair trial of the case.

4. Trial—Counsel Can Call Additional Witness to Prove Excluded Facts.—After plaintiff's counsel had called one witness to prove a fact, and the court had sustained defendant's objection to the question, it was the counsel's right to call two or three other witnesses and ask each of them the same question and make the same avowal to put his case in the record, so that in the event of an appeal he would not stand on the testimony of one witness alone.

5. Railroads—Evidence as to Obstructed View Admissible.—In an action for death of an automobile driver at a crossing, evidence that the view from the highway while approaching the crossing was obstructed in both directions was admissible on the issues of due care on the part of deceased and the trainmen.

6. Railroads—Contributory Negligence of Automobile Driver Having Obstructed View Held for Jury.—In an action for the death of one driving an automobile, struck by a train at a crossing, evidence that the crossing was much used and especially dangerous, since the view was obstructed until the traveler got within a few feet of the track, and that the train approached at a rate of 35 to 40 miles an hour and gave no warning, held not to show, as a matter of law, in the absence of any direct evidence as to the conduct of deceased, that she was contributorily negligent.

7. Railroads—Contributory Negligence in Failing to Stop, Look, and Listen Question for Jury.—Where plaintiff cannot introduce evidence as to the precautions actually taken by decedent in approaching a crossing, the mere failure of decedent to stop, look, and listen does not bar recovery, but it is a question for the jury whether such person exercised reasonable care under the circumstances.

8. Trial—Additional Instructions Need Not be Given After Law has Been Covered.—After the court has given instructions which fully cover the law of the case, it was not error to refuse to give additional instructions asked by defendant.

9. Trial—Refusal to Permit View of Crossing Changed Since Accident Held Not Abuse of Discretion.—In an action for the death of an automobile driver who was struck by a train at a railroad crossing, it was not an abuse of the trial court's discretion to re-

fuse to permit the jury to view the crossing, where there was evidence that the conditions at the crossing had been changed since the accident, so that such a view would have necessitated a collateral inquiry as to the effect of the changes.

10. Appeal and Error—Judgment Not Reversed for Refusal to Permit View, Unless Discretion was Abused.—A judgment will not be reversed for the trial court's refusal to permit the jury to view the premises, in the absence of a clear showing of an abuse of discretion on the part of the trial court in such refusal.

11. Death—$14,000.00 for Death of Woman Held Not Excessive.—Where deceased was a well-educated, industrious woman, 27 years of age, who had been conducting a beauty parlor from which she had an assured profit and income of $1,500.00 per annum, a verdict awarding $14,000.00 as damages for her death was not excessive.

B. D. WARFIELD, JOHN W. RAWLINGS and ASHBY M. WARREN for appellant.

PURYEAR & CLAY for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

Miss Susie Bowman, a young woman 27 years of age, at 2:00 p. m. on January 6th, 1920, while riding alone in an automobile, was struck by a locomotive and instantly killed at the crossing of the Louisville & Nashville Railroad and Main street in Shelby City, Kentucky, the locomotive being owned by the Louisville and Nashville Railroad Company and by it operated under the direction of John Barton Payne, agent of the President of the United States. This action was brought by her administratrix against appellant to recover for the loss of her life. On the trial in the circuit court there was a verdict and judgment in favor of the plaintiff for $14,000.00. The defendant was refused a new trial and has appealed.

The appellant's first complaint is that the trial court erred in not sustaining his motion to strike from the petition certain indicated parts thereof, and also in overruling his general demurrer to the petition. We think the demurrer to the petition was properly overruled. Negligence may be alleged generally. It was unnecessary to set out in the petition the acts constituting negligence in the operation of the locomotive or in the maintenance of the crossing. It is unnecessary to determine whether the motion to strike from the petition was properly or improperly overruled, for on the trial the court excluded all evidence on these matters of which appellant has any ground of complaint, and the effect of this action, taken

as a whole, was to sustain the motion of appellant to strike out these allegations.

A more serious objection is that to alleged misconduct of appellee's counsel in asking questions that had once been ruled out by the court. But some allowance must be made for the fact that in the progress of a jury trial where there is little time for deliberation things will be said and done that would be omitted on second thought. Besides, much that occurs on a trial is not included in the transcript of evidence, or is not seen in its true light when all that occurred is not before this court. So the rule is that a new trial will not be granted on this ground, unless there was a clear abuse of the privilege of counsel preventing a fair trial of the case.

The main ground of complaint as to this matter is that when appellee had offered one witness to prove a fact and the court had sustained appellant's objection to the question, appellee introduced two or three other witnesses and asked each of them the same question and made the same avowal. But counsel had the right to put his case in the record, so that in the event of an appeal he would not stand on the testimony of one witness alone. This is a common practice, and, taking the record as a whole, we do not see that there was any intentional effort of counsel to go beyond what he had a right to do.

Many objections are made to the ruling of the court in the admission of evidence. It would unduly extend this opinion to set them out. On the whole case we do not see that there was any error to the prejudice of appellant's substantial rights in this respect.

The fact that the crossing was especially dangerous because the view of the train from the south as well as from the north was obstructed, was properly admitted in evidence, for all the facts surrounding the decedent at the time of the accident were properly to be considered in determining whether she used due care. She had to watch on both sides for a train and the difficulty or facility of doing this was proper to be shown. The evidence also went to show that especial precautions on the part of those operating the train were necessary at a crossing which was admitted to be used by the public continuously with the view obstructed on both sides.

The court did not, as insisted for appellant, err in refusing to instruct the jury peremptorily to find for the defendant. Such an instruction was unauthorized, as the

court could not as a matter of law, appearing from plaintiff's evidence, say the decedent's death resulted solely from her contributory negligence.    There was evidence warranting the jury in finding that while appellee was driving her Ford car on the highway at about ten miles an hour, she was struck upon the railroad crossing by the locomotive running 35 or 40 miles an hour, and that it gave no warning or notice of its approach until it blew the alarm whistle just before it struck the car, which was too late for her to escape the collision. This evidence and that showing it was a much used and especially dangerous crossing, the travel over it practically continuous and that the view was obstructed by buildings on the street until the traveler got within a few feet of the track, together with the absence of any affirmative evidence tending to show that the decedent failed to exercise ordinary care for her own safety, gives strong support to the finding of the jury that her death was caused by the negligence of the appellant's servants.

It is said that Miss Bowman did not stop, look and listen.   But she is not here to speak for herself.   What precautions she took she cannot tell.   In such cases the rule in this state is, not that a recovery will be prevented by the mere failure of the person killed to stop, look and listen, but that it is a question for the jury whether such person exercised such care as may be reasonably expected of an ordinarily prudent person under the circumstances, and this must be determined by the jury from the evidence.   L. & N. R. Co. v. Lucas, 30 R. 359; L. & N. R. Co. v. Joshlin, 110 S. W. 384; L. & N. R. Co. v. McNary, 128 Ky. 420; L. & N. R. Co. v. Miller, 134 Ky. 722; L. & N. R. Co. v. Benke's Admrx., 164 Ky. 808.

On this point the court gave this instruction which aptly stated the law:

"The court instructs the jury that it was the duty of the decedent, Susan Bowman, in approaching the tracks of the defendant and in attempting to cross the same on the occasion mentioned in the evidence, to have her automobile under reasonable control and to maintain a lookout for passing trains and to keep out of their way, and if they believe from the evidence that Susan Bowman failed in any one or more of these duties, and but for such failure on her part she would not have been injured, then the law is for the defendant and the jury should so find, even if they believe from the evidence that the defendant,

his agents and servants were negligent as set out in instruction 1.''

The other instructions given by the court were substantially those given in the cases above cited, and on the whole case we see no error in them substantially prejudicial to appellant. (L. & N. R. Co. v. Locker, 182 Ky. 578.) Under instruction 1, the jury could not find for the plaintiff, unless they found ''that deceased lost her life by the negligence and carelessness of defendant.'' To have given the instructions asked by appellant and refused, of which complaint is made, would have been to disregard the rule that instructions should be as few and concise as the nature of the case will allow. The instructions given covered the law of the case and to have added others would have served to confuse rather than enlighten the jury.

The appellant's complaint of the trial court's refusal to send the jury to view the crossing in question is without weight. This ruling was not an abuse of discretion when it is considered that numerous changes were made in the conditions there between the date of the accident and that of the trial, which would doubtless have prevented the jury from understanding what the conditions were when the accident occurred, without reopening the case and introducing further evidence to explain the changes that had been made. We repeatedly have held that the reversal of a judgment on the ground urged in this contention of counsel is not permissible, in the absence of a clear showing of an abuse of discretion on the part of the trial court, which is not here made to appear.

The appellant's final contention that the reversal of the judgment is required by the excessiveness of the verdict finds no support in the record. It appears from the evidence, without contradiction, that the decedent was a well educated, industrious woman of fine business capacity and only 27 years of age at the time of her death; that she was the owner of and operating in Danville an establishment known as a ''beauty parlor'' in which, in addition to carrying on her professional work as a graduate cosmetician, she conducted a corsetiere trade, and that the business thus built up by her had become so successful as to afford her an assured profit and income of $1,500.00 per annum, which may fairly be taken as an estimate of her earning capacity at the time of her death. It was shown by the evidence that, notwithstanding a physical

deformity under which she had long labored, her health was good and expectancy of life 30.66 years. In view of these facts no reason is apparent for declaring the verdict excessive in amount, or as would, even at first blush, indicate that it was the result of passion or prejudice on the part of the jury.

So inevitable is the correctness of this conclusion that we deem it unnecessary to cite any of the numerous cases in which this court has sustained as large or larger verdicts in similar cases.

Judgment affirmed.