## Paust v. Whiteside Bakery Company, Inc.

(Decided October 18, 1927.)

Appeal from Jefferson Circuit Court
(Common Pleas, Fourth Division).

1. Appeal and Error.—Where there is evidence that one person is responsible for injury of another by reason of negligence, and evidence tending to show that the injury was caused by reason of the negligence of the person injured, question of liability becomes one for jury, whose verdict will not be set aside and judgment of appellate court substituted.

2.  Trial.—In action for injuries from slipping on private driveway, it was not abuse of discretion, under Civil Code of Practice sec. 318, for court to permit jury to view the place of the accident, though conditions at the time of trial were not the same as at the time of the accident.

3.  Appeal and Error.—Question whether jury will be allowed to view premises, under Civil Code of Practice, sec. 318, is addressed to discretion of trial judge, whose action will not be interfered with, in the absence of an abuse of discretion.

W. A. SPINDLE for appellant.

R. L. PAGE for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

A jury returned a verdict in favor of appellee and appellant insists that the verdict would have been in his favor but for errors committed by the trial judge.

Appellant was engaged with his partner, George Adams, in the operation of a cafeteria in the hotel building located at the northeast corner of Tenth and Broadway in the city of Louisville. Appelleee had a bakery plant located at the southwest corner of Fourteenth and Broadway. Appellant and his partner were customers of appellee and had been for a number of years preceding the date of the injury sustained by him at the place of business of appellee. It was the custom of appellee to have its wagon call at appellant's place of business to take orders. These calls were made daily. If the supply of bread was exhausted during the day, either he or his partner made a trip to the plant of appellee to obtain an additional supply. On the day of the injury there was an unusual demand for bread about the noon hour at the cafeteria of appellant, and he, in company with the young son of his partner, made a trip to the plant of appellee to get an additional supply. The plant had two entrances, one leading into the bakery plant, which entrance was located about the center of the building on Broadway, and the other leading into the driveway at the west side of the building on Broadway. At the time of the injury the driveway ran through the building along its west wall to an alley in the rear, a distance of about 150 feet. There was also an entrance to the driveway from the rear. Along the west wall near the roof were a number of small windows admitting light and for a part of the distance of the driveway there were small windows

on the east side of the driveway. To the left of this driveway there was a loading and unloading platform about 8 or 10 feet wide, and about the height of a wagon. It led from the front entrance towards the rear about 30 feet, and from this platform there was a door leading into the bakery proper. Extending beyond the loading platform along the east side of the driveway there was a smaller platform one or two feet wide about the same height as the larger platform, and from this smaller platform there was a flight of steps leading to the floor at the point where the two platforms met. The driveway was paved with vitrified brick. It was in constant use day and night by the employees of appellee and the customers of appellee used the driveway at times, as well as those having business with appellee in delivering and collecting parcels.

Appellant had used both entrances and on the occasion when he was injured he drove his truck to the driveway entrance with the intention of driving in He found a wagon belonging to appellee occupying the entrance, and, as he could not drive in, he parked his car on the street just at the edge of the approach, and went into the driveway on foot, and got up to the loading platform by stepping on the hub of a wagon wheel. He obtained his supply of bread and came out of the second door leading to the bakery, walked down the steps between the two platforms, and, as he stepped off the curbing onto the brick of the driveway, he slipped and fell, thereby sustaining the injuries about which he complains.

The basis of his suit is that appellee failed to keep and maintain in a safe and proper condition the driveway in question; that at the time the driveway was in such a slippery, dangerous, and unsafe condition as to be hazardous to those using it. There was a denial of the allegations of negligence on the part of appellee, and a plea that defendant was guilty of contributory negligence.

The case was submitted to the jury under instructions not complained of. There was proof that appellant was in a great hurry when he obtained his bread and started to return to his place of business, and that he did not exercise proper care for his own safety while he was on the premises of appellee. The jury returned a verdict in favor of appellee and there is no reason for our disturbing that verdict. Where one party offers evidence showing that the other party is responsible for

his injury by reason of negligence, and the other party offers evidence showing that the injury was caused by reason of the negligence of the party injured, the question becomes one for a jury to determine under proper instructions, and when the jury has so determined it we are not at liberty to substitute our judgment as to what the verdict should have been for the judgment of the jury returning the verdict.

At the conclusion of the evidence the court allowed the jury to view the place of accident, and that is made the basis of the most serious argument advanced by appellant for a reversal of the judgment. It is urged that the condition of the premises was not the same at the time the jury saw them as at the time of the accident. This the jury well knew, as the evidence had fully disclosed the condition of the premises at the time of the accident, and the jury in obtaining a view of the premises must have taken into consideration their changed condition at the time. They could determine, however, how the premises would have appeared in the condition they were at the time of the accident as shown by the evidence of appellant. It is within the discretion of the trial court as to whether he will allow the jury to view the premises, and, unless that discretion is abused, this court will not interfere with it. In the cases of L. & N. R. Co. v. Scott's Adm'r, 188 Ky. 99, 220 S. W. 1066, Payne v. Bowman's Adm'x, 200 Ky. 171, 252 S. W. 1010, Alexander v. C. N. O. & T. P. R. Co., 202 Ky. 475, 260 S. W. 14, and Salisbury v. Wellman Electrical Co., 173 Ky. 462, 191 S. W. 289, it was held by this court that it was not an abuse of discretion on the part of the trial court to deny a motion to allow the jury to view the premises.

Section 318, Civil Code, is as follows:

"Whenever, in the opinion of the court, it is proper for the jury to have a view of real property which is the subject of litigation, or of the place in which any material fact occurred, it may order them to be conducted in a body, under the charge of an officer, to the place, which shall be shown to them by some person appointed by the court for that purpose. While the jury are thus absent no person, other than the person so appointed, shall speak to them on any subject connected with the trial."

In construing this section this court has repeatedly held that it is a matter largely in the discretion of the trial court whether or not the jury may be allowed to view the premises.  Majestic Theater Co. v. Lutz, 210 Ky. 92, 275 S. W. 16; Crane v. Congleton (Ky.) 116 S. W. 341; City of Louisville v. Caron, 90 S. W. 604, 28 Ky. Law Rep. 844; Cohankus Mfg. Co. v. Rogers, 96 S. W. 437, 29 Ky. Law Rep. 748; Todd v. Cooke, 64 S. W. 908, 23 Ky. Law Rep. 1528; Henderson & Corydon Gravel Road Co. v. Cosby, 103 Ky. 182, 44 S. W. 639, 19 Ky. Law Rep. 1851.

We cannot say under the facts in this case that the trial court abused his discretion in allowing the jury to view the premises.

Judgment affirmed.