## Louisville & Nashville R. Co. v. Mitchell's Adm'x.

March 4, 1941.

Tye & Siler, H. C. Gillis, J. Miller White and H. T. Lively for appellant.

C. B. Upton and R. L. Pope for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Reversing.

G. S. Mitchell was killed by appellant's train at a crossing in the village of Woodbine, Whitley County.

We reversed a judgment for $4,000 in favor of his administratrix, being of opinion that the decedent was guilty of contributory negligence as a matter of law. Louisville & N. Railroad Company v. Mitchell's Administratrix, 276 Ky. 671, 124 S. W. (2d) 1025. The evidence is fully set out in the opinion. Upon a second trial the evidence was the same, with some additional proof that Mitchell was hard of hearing. A verdict for $5,000 was returned against the railroad company. It insists that the former opinion being the law of the case, the judgment must be reversed because of the error of the court in refusing a peremptory instruction in its favor.

The appellee submits that the statement in the opinion that Mitchell was trying to beat the train over the crossing was not warranted and that the trial court properly submitted the case under what appellee calls the doctrine of "momentary forgetfulness." The statement obviously is our conclusion from the evidence and upon that rests the decision that the decedent was negligent. As related in the opinion, it was uncontradicted that the whistle of the engine had been blown for another crossing 1,922 feet away and had also called for the signal board, perhaps 100 feet beyond the whistling post for the Woodbine crossing. Because of some contradiction—though not satisfactory—that in addition the statutory signals had not been given for the crossing and because of a possible inference that the enginemen had not been keeping a lookout, we proceeded on the hypothesis that the evidence of the company's negligence in those particulars was sufficient to have taken the case to the jury had not the evidence established the decedent's contributory negligence. We may proceed on the same hypothesis now and look again to the matter of decedent's negligence.

Repetition of the testimony establishing his knowledge of the approach of the train as described in the opinion is not necessary. When Mitchell got close to the track, the estimates varying from 8 to 20 feet, he stooped to tie his shoe or get a gravel out of it, and without having raised up entirely, started across the track, apparently without having looked at the approaching train. Parsons, a friend, passed him while he was stooped over and went ahead and got across safely.

The usual instruction on contributory negligence was thus qualified:

"Yet if you shall believe from the evidence he had stopped to tie his shoe or get something out of his shoe, and while in a stooped position doing so he momentarily forgot that he was at or about to pass over said railroad crossing and started to pass over same and in doing so was hit and struck by said engine and train and killed; and if you believe that such act in going on said crossing at the time and place is one which an ordinarily prudent person would do and use for his own safety under the same or similar circumstances, your finding should be for the plaintiff, Mitchell's administratrix."

Appellee's argument that this qualification is proper is based upon the following statement contained in Louisville & N. Railroad Company v. Ratliff's Adm'r, 260 Ky. 380, 85 S. W. (2d) 1006, repeated in Cincinnati, N. O. & T. P. Railroad Company v. Fox, 269 Ky. 242, 106 S. W. (2d) 973, 974:

"The law recognizes the thoughtlessness of human beings when, as members of the traveling public, they approach and use a railroad crossing of the character of that here involved, and for their protection the statute exacts of the company, or those in charge of its trains, the imperative duty to give the crossing signals prescribed by it, and accords to the members of the traveling public the right to rely thereon, when using such crossing, exercising at the time that degree of care ordinarily prudent persons usually exercise under like or similar cirsumstances."

There are other statements to the same effect throughout our decisions. But it seems to us that such reasoning or rule is not applicable to facts like those here presented. It goes no further than to sustain the right of a traveler to rely on statutory signals being given; in other words, that though he has knowledge of a railroad crossing ahead of him, if he proceeds without thinking of it he will not be held negligent as a matter of law should he be struck by a train which did not sound the statutory warnings. It is upon this reasoning that we decline to recognize the rule of "Stop, Look and Listen." In the case at bar, the evidence dis-

closed that the pedestrian fully knew of the near approach of the train, and it would be an irrational extension of the rule to say that notwithstanding the knowledge when he stopped on the way and then went ahead he could be regarded as never having had such knowledge. If that were sound reasoning, then with equal rationality it would have to be said that when enginemen having knowledge of the approach to a public crossing, or having seen a person on the track, momentarily forgot to sound the whistle or give other warning, the railroad company in those particulars used ordinary care in the operation of its train. Therefore, we refuse to recognize the novel rule.

The law of the case as declared in the first opinion required the trial court to give a peremptory instruction for the defendant.

The judgment is reversed.