## Hall et al. v. Budde.

Feb. 26, 1943.

Henry J. Cook and Carl Ebert for appellant.

Barbour & Bassmann for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

This action was instituted by appellants to enjoin appellee from continuing the operation of what is referred to in the evidence as a "hog farm" situated in the circumscribed area between the corporate limits of Fort Thomas and Bellevue and near the boundaries of Newport. A temporary injunction was granted, but on final hearing the Chancellor dismissed the petition. This appeal is from that judgment.

It may be conceded that the testimony of the appellants as to the offensive odors and disturbing noises eminating from "the farm" was sufficient to establish a prima facie case of actionable nuisance entitling them to injunctive relief, notwithstanding the indisputable fact that appellee's business is a legitimate and necessary one, and that many modern and sanitary methods were employed by him to prevent the nuisance complained of. Neither is it a defense that the "farm" had been operated for a great number of years on a 27 2/3 acre tract in a sparsely settled and semi rural section into which appellants had moved after the business had been started. The law is well settled that a person acquiring property has the right to expect and require that his neighbor will utilize his property, notwithstanding its previous use, so as not to interfere with the reasonable enjoyment of his own, and that there is no such thing as a prescriptive right to operate a nuisance. Wood on Law of Nuisances, Section 505; Ashbrook v. Commonwealth, 1 Bush 139, 64 Ky. 139, 89 Am. Dec. 616; Kraver v. Smith, 164 Ky. 674, 177 S. W. 286. At most, the fact that the complainants "moved to the nuisance" is but a factor, though an important one, to be considered in connection with all the circumstances in determining the equities of a given case. 46 C. J. Page 670, Paragraph 36.

Thus it will be seen that there is no question of law to be resolved in appellants' favor, and that if the Chancellor erred in denying them relief, it was because he failed to properly evaluate the testimony denying the actuality, or rather, the extent of the odors and sounds arising from the housing and feeding of a large number of swine. Stating that he had not been influenced by

the fact that the appellee had been able to produce a greater number of witnesses than the appellants, and that he found a sharp and irreconcilable conflict in the testimony of the expert as well as the nonexpert witnesses, the Chancellor set forth the following as the salient factors influencing his decision:

"First, the fact that the defendant was operating this business in practically the same manner twenty years ago that he is operating it today; that the plaintiffs and each of them moved into the neighborhood with full knowledge, or an opportunity to acquire knowledge, of this hog farm. Likewise, during the many years this business was operated by the defendant, the record herein fails to disclose any objection, complaint, or legal action by the plaintiffs. Their attitude was, to say the least, unequivocally quiescent. The Court will not attempt to analyze the reason for the sudden activity manifested by the plaintiffs with reference to the business of the defendant; suffice to say that their inactivity over a long period of time must be taken into consideration by the Court as an element of substantial importance in deciding this close question.

"Second, there is not a single word of testimony in this case, from laymen or expert witnesses, to the effect that the defendant maintained or operated his business in a manner other than that which a full recognition of sanitary regulations required.

"Third, the positive evidence of the plaintiffs in this case with reference to the existence of a nuisance is just as positively refuted and denied by the evidence of the defendant.

"The case presents not the consideration of one right or set of rights, but the consideration of the respective rights of the parties. On the one side are several residents of the community who claim that the conduct of the defendant has seriously interfered with them in the comfort, enjoyment and contentment of their homes. On the other side is the right of the defendant to continue a business which represents many years of hard application and upon which the very future of the defendant and his family may depend. The Court does not undertake to ignore the fact that a business of this nature

is attended by disagreeable elements. Nevertheless, for the reasons heretofore stated, the Court is of the opinion that the plaintiffs have failed to establish a case of actionable nuisance authorizing or justifying the court in acceding to plaintiffs' request to exercise the drastic power of injunction.''

We do not think that the Bar would be interested in the factual controversy between the witnesses, expert and otherwise, whether it is possible to operate a hog farm without offending the olfactory and oricular nerves of the residents in the vicinity. After carefully reading the testimony we entertain considerable doubt on the subject, but no conviction. Such being the case, we feel that the ends of justice most likely would be served by following the time honored rule, not to interfere with the Chancellor's fact finding under such circumstances. It is urged by appellants' counsel that a present application of that rule would be illogical, because the Chancellor's predecessor in office, and not the Chancellor, heard the testimony as it was given. True, we have at times mentioned the fact that the trial judge had the advantage of observing the demeanor of the witnesses; but, in the majority of equitable cases, the proof is taken by deposition. Thus, the real basis for the rule is the Chancellor's presumed knowledge of the character of the witnesses, and where, as here, the location of physical objects with relation to their environments is important, his acquaintance with those environments.

Judgment affirmed.