# Browning's Adm'x v. Louisville & N. R. Co.

May 14, 1943.

Jesse Morgan for appellant.

Craft & Stanfill, C. S. Landrum and H. T. Lively for appellee.

OPINION OF THE COURT BY JUDGE SIMS—Affirming.

This is a second appeal and the former opinion may be found in 277 Ky. 385, 126 S. W. (2d) 823, where a judgment in favor of the administratrix of A. L. Browning for $10,000 was reversed and it was there written that the Louisville & Nashville Railroad Company was entitled to a directed verdict. The evidence is fully set out in that opinion and we will not repeat it.

The court at the conclusion of all the evidence on the second trial, in conformity with the first opinion, peremptorily instructed the jury to find for the railroad. What was said in that opinion is now the law of the case and on the second trial the court correctly directed a verdict in favor of the defendant unless the evidence given thereon differed materially from that adduced on

the first trial. Louisville & N. R. Co. v. Mitchell's Adm'x, 285 Ky. 576, 148 S. W. (2d) 1048; Northwestern Mutual Life Ins. Co. v. Yoe's Ex'r, 287 Ky. 590, 154 S. W. (2d) 559; Citizens Bank of Morehead v. Hunt, 287 Ky. 646, 154 S. W. (2d) 730.

A reading of the evidence heard on the two trials convinces us there is no substantial difference in the two bills of evidence. The testimony of one of plaintiff's eye-witnesses, Bill Brashear, given on the first trial was read to the jury by agreement on the second trial, as was the testimony of defendant's only witness, W. E. Quinn. There was no material difference in the testimony of plaintiff's other two eye-witnesses, Earnest Campbell and Bob Adams, given on the second trial from that given by them on the first trial. The testimony of all plaintiff's witnesses who saw this accident was that the whistle and noise of the approaching train frightened some cattle deceased was herding near a railroad crossing in close proximity to the depot in the town of Viper. When some of the cattle ran down the railroad right-of-way he gave chase and unfortunately ran onto the track something like 55 feet in front of a freight train approaching at a speed of 35 or 40 miles per hour and was struck by it.

Plaintiff vigorously complains that the court on the second trial erred in overruling her motion made at the conclusion of all the evidence to permit the jury to view the scene of the accident as provided in section 318 of the Civil Code of Practice. It is argued that had the court sustained this motion, the jury upon visiting the scene would have learned that the curve in the railroad track near the point of the accident did not obstruct the view of the train crew as testified by defendant's witness, Quinn. It has been written many times that it is within the discretion of the trial court as to whether or not the jury may view premises, or the scene of an accident, and its ruling will not be disturbed unless this discretion has been abused. Salisbury v. Wellman Electrical Co., 173 Ky. 462, 191 S. W. 289; Paust v. Whiteside Bakery Co., 221 Ky. 505, 299 S. W. 176. The evidence conclusively shows that the deceased in running after his cattle negligently ran onto the railroad track in front of a train which he knew was approaching at a rapid speed, therefore it is immaterial whether or not the train crew saw, or could have seen, him had it been keeping

the proper lookout, since the train could not have been stopped within 55 feet separating the engine from the deceased at the time he ran onto the tracks. It follows that the court did not abuse its discretion in refusing to permit the jury to visit the scene of the accident.

The judgment is affirmed.