Pierce WINNINGHAM, Plaintiff In Error,

v.

Ambrose H. RICE et al., Defendants In Error.

No. 36451.

Supreme Court of Oklahoma.

April 12, 1955.

Appeal from the District Court of Tulsa County; Elmer W. Adams, Judge.

Action by Ambrose H. Rice, et al. to abate a nuisance. Judgment for plaintiffs, and defendant appeals. Affirmed.

Grady S. Cornett, Tulsa, for plaintiff in error.

Harley Van Cleave, Raymon B. Thomas, Charles C. Liebler, Tulsa, for defendants in error.

JOHNSON, Chief Justice.

Parties will be referred to as they appeared in the trial court.

This action was filed in the District Court of Tulsa County, Oklahoma, by Ambrose H. Rice, et al, for an injunction against Pierce Winningham, who operated an auto salvage yard outside the city limits of Tulsa. The injunctive relief sought was to prevent defendant from extending his business operations into a certain unzoned area. Plaintiffs alleged that the manner in which defendant was operating his business constituted a nuisance caused by the defendant keeping old wrecked and unsightly automobiles and old tires and other junk on his property, thus infringing upon the well being of the residents and impairing the enjoyment of the homes in the neighborhood; that said property is a breeding place for mosquitoes, rats and flies and that noxious odors are emitted therefrom; that residents are disturbed by loud noises; that because of such condition, property values in the area have depreciated from 15% to 30% and that if his business operations are extended it will cause irreparable damage to plaintiffs. The defendant filed a general denial.

The court, after hearing the evidence and viewing the premises, found that the land on which the proposed extension of salvage business was to be located is surrounded by a nice residential district and was such an area at the time defendant began his operations at his original location on former Highway 66.

A temporary injunction was granted and upon final hearing, a permanent injunction was granted enjoining defendant from extending his salvage operations into the block bounded by 56th and 57th W. Avenue, and

60th and 61st Street, Tulsa, Oklahoma. The court also found as a matter of law that defendant's present operations extending into the block area involved, constituted a nuisance. The court's order further provided that the injunction did not prevent defendant from using said area for any lawful purpose which does not constitute a nuisance in a residential area such as the one involved. In connection with the last conclusion of law, upon application of defendant to make conclusions of law more definite, the court was of the opinion that the storage of automobiles, not in the process of salvage, on said premises for no longer than thirty days for any particular automobile, not to exceed twenty-five in number, would not be in violation of the injunction. The court especially found as a matter of fact that with the exception of businesses fronting on old U. S. Highway 66, there were no business establishments for several blocks each way.

Defendant claims error under two propositions, which are as follows:

1. The judgment is contrary to law.

2. The judgment is contrary to the evidence.

Under defendant's first proposition, he contends that the court erred in enjoining him from using his premises to extend his operations and in limiting the storage of wrecked automobiles on the premises, not in the process of salvage for a period of thirty days for any particular automobile and not to exceed twenty-five such automobiles in number.

 Defendant's salvage yard business, though of itself lawful, was admittedly adjacent to a nice residential district and plaintiffs' evidence, though conflicting with defendant's evidence on the issues in some respects, substantiated their allegations as to the existence of a nuisance causing substantial injury to the health, comfort and property of the adjoining property owners. Therefore, the order of the trial court limiting the operation of the salvage yard under the circumstances was justified, and we so

hold. See Jordan v. Luippold, 189 Okl. 189, 114 P.2d 917, 918, and cited cases. Therein, under a factual situation very similar to the case at bar, we said:

" 'When the prosecution of a business, of itself lawful, in a strictly residential district, impairs the enjoyment of homes in the neighborhood and infringes upon the well-being, comfort, repose, and enjoyment of the ordinary normal individual residing therein, the carrying on of such business in such locality becomes a nuisance, and may be enjoined.'

"The rule is stated in the case of Kenyon v. Edmundson, Adm'r, 80 Okl. 3, 193 P. 739, 740, in paragraph four of the syllabus, as follows: 'Where the facts show that a lawful business is being conducted in such a manner as to constitute a private and public nuisance, causing substantial injury to comfort, health, or property, a court is authorized in enjoining and abating such nuisance. The injunction ordinarily should be limited, not to the business, itself, but to the usage that creates the nuisance, leaving the right to carry on the business in a proper and lawful manner * * *.' "

Defendant's second proposition is without merit. Under the evidence in the record, the finding of the trial court that the salvage yard at the location described in the plaintiffs' petition is both a public and private nuisance is not clearly against the weight of the evidence. The injunction was properly issued.

For other authorities supporting Jordan v. Luippold, supra, see 66 C.J.S., Nuisances, § 110; 5 Dec.Dig., Nuisance, and 75; Hall v. Budde, 293 Ky. 436, 169 S.W.2d 33, 167 A.L.R. 1361, and 39 Am. Jur., Nuisances, Sec. 153, et seq.

The judgment is affirmed.

WILLIAMS, V. C. J., and WELCH, CORN, DAVISON, HALLEY, BLACKBIRD and JACKSON, JJ., concur.