# Thronton v. Phillips.

(Decided Jan. 28, 1936.)

ROGERS & ROGERS for appellant.

VEST & VEST, GEO. S. HAWKE, and HENRY SUNDERMAN for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

While traveling on United States highway No. 42 in Kentucky in an automobile, Mrs. Justine Phillips observed lights of a motor vehicle coming around a slight curve on the highway. She slowed down to about 30 miles an hour, dimmed her lights, and operated her automobile to the right side of the road with one or more of the wheels off the concrete on the berm. It was about 7 o'clock in the evening; the two headlights of the approaching vehicle were bright, but did not blind her or interrupt her vision. At the time of its approach, she was unable to determine whether it was an automobile or a truck. Traveling to the left of the center of the highway, it collided with her automobile. The highway was about 20 feet wide, with a marker in the center dividing it into two lanes. The vehicle which approached her automobile was the truck of R. A. Thronton, operated by E. A. Boyd. It was loaded with barrels and kegs. It struck her automobile, breaking off the left front wheel and crushing the left side. She lost control of it; it swerved to the left and ran into a pond against a fence. The truck failed to stop; persons residing in the neighborhood came and conveyed her to Covington. After her automobile ran into the pond, she discovered the vehicle colliding with hers was a truck. Her nose was broken, chest crushed, and her arm broken at three places. On account of her injuries she remained in a hospital in Cincinnati, Ohio, about seven weeks. At the time she sustained her injuries, Mrs. Margaret Wolfe and her two infant children were in the rear seat of her automobile. Her testimony is corroborated by that of Mrs. Wolfe. After traveling about 5 miles, the truck refused to operate on account of its condition. Its left front hub cap was missing, the gasoline tank which was located on the left side of the truck —the side which collided with Mrs. Phillips' automobile —and the frame of the truck were damaged; the left side of the truck was scratched and cut. The driver of the truck denied all knowledge of the presence of Mrs. Phillips' automobile and the collision of the truck therewith. The testimony of Mrs. Phillips and Mrs. Wolfe, corroborated by Wilford Rice's, was uncontradicted.

On a trial before a jury, a verdict was returned by it in favor of Mrs. Phillips in the sum of $1,000.

Thronton is here complaining of the instructions of the court, the admission of incompetent evidence, and the failure of the court to give an instruction on contributory negligence.

The law of the road required Thronton's truck and Mrs. Phillips' automobile to keep to the right of the center of the highway in the direction in which each of them was traveling. The failure of the driver of a motor vehicle to keep to the right of the center of the highway is excused where it is without fault on his part. Hunt v. Whitlock's Adm'r, 259 Ky. 286, 82 S. W. (2d) 364; Consolidated Coach Corp. v. Sarah E. Bryant, 260 Ky. 452, 86 S. W. (2d) 88; Colyer v. Hudson, 261 Ky. 84, 87 S. W. (2d) 92. The evidence establishing that Thronton's truck was to the left of the center of the highway in which it was traveling at the time it collided with the Phillips car is uncontradicted. It is in like manner established that the driving it to the left of the center of the highway was the proximate cause of the accident. Consolidated Coach Corp. v. Bryant et al., 260 Ky. 452, 86 S. W. (2d) 88; Colyer v. Hudson, 261 Ky. 84, 87 S. W. (2d) 92. In these circumstances Mrs. Phillips was, in reality, entitled to a peremptory instruction as to the negligence of the driver of the Thronton truck.

The court in its instructions directed the jury in the form approved in Kennedy Transfer Co. v. Greenfield's Adm'x, 248 Ky. 708, 59 S. W. (2d) 978. Thronton criticizes it upon the authority of Utilities Appliance Co. et al. v. Toon's Adm'r, 241 Ky. 823, 45 S. W. (2d) 478. The statute applicable to this case is section 2739g-39, Kentucky Statutes. The instruction in the Kennedy Case was given on the authority of this section. Section 2739g-51 is inapplicable in the present one. On the authority of it, the instruction was prepared and directed to be given in the Toon Case.

It may be admitted that it was unnecessary to define the duties of the driver of the Thronton truck as they are set out in the given instruction (Consolidated Coach Corp. v. Sarah E. Bryant and Colyer v. Hudson, supra) but, since the uncontradicted evidence shows the negligence of its driver was the proximate cause of Mrs. Phillips' injuries, it was not prejudicial. This is true, even if the directed instruction in the Toon's Case should have been given. His contention that an

instruction on the contributory negligence of Mrs.. Phillips should have been given is unsound. There was no evidence tending to show her guilty of contributory negligence in any degree.

Mrs. Phillips' automobile was on that portion of the highway where she had a right to be. Thronton's truck was traveling on that portion of the highway where it had no right to be as and when it approached and passed her automobile. It so traveling imperiled her safety, thus creating as to her an emergency in which she had a right to choose a course best in her judgment, for her own safety and to escape a peril resulting from the presence of the truck. The rate of speed at which she was traveling, in the circumstances, was wholly immaterial, for, if she were moving at a rapid rate of speed, slowly, or had come to a full stop with the truck on her side of the road, as to her, the collision was inescapable. His truck having created an emergency, he cannot be permitted to cast the responsibility therefor upon Mrs. Phillips, nor is he in a position to charge her with contributory negligence. Knapp v. Gibbs, 211 Ky. 278, 277 S. W. 259; McGraw v. Ayers, 248 Ky. 166, 58 S. W. (2d) 378; Fiechter v. City of Corbin, 254 Ky. 178, 71 S. W. (2d) 423.

A witness was asked concerning the arrest and conviction of Boyd for an offense growing out of the operation of a vehicle on the highway. The court sustained an objection to the question and admonished the jury of its duty. The presumption is, the jury followed the admonition of the court.

Thronton complains that there is no evidence showing the speed of the truck. Mrs. Wolfe stated, in her opinion it was traveling at the rate of 40 miles per hour. The severity of the impact and violence of the collision may be considered in determining its rate of speed, which corroborates Mrs. Wolfe. Comstock v. Smith (Wash.) 48 P. (2d) 255, and cases cited.

With Thronton's truck on the wrong side of the road so long as it was moving, whatever might have been its rate of speed, the injury to Mrs. Phillips and the damages to the automobile in which she was traveling were inevitable. Hence the question of its speed was immaterial.

Thronton complains of the admission of evidence showing the length, width, height, weight of, and the lights or absence of lights on the truck. Whilst, under the allegations of the petition, such was not the basis of a recovery, this line of evidence was admissible as res gestæ. Though it be conceded, it was incompetent; the evidence establishing the negligence of the driver of his truck being so overwhelming and convincing, its admission was harmless.

Perceiving no error, the judgment is affirmed.