## Abell v. Whitehead et al.

(Decided Dec. 18, 1936.)

CARTER & VEACH for appellant.
ROBERT L. PAGE for appellees.

OPINION OF THE COURT BY JUDGE PERRY—Affirming in part and reversing in part.

This action was brought by the appellant, Len Abell, as administrator of Leonard Abell, deceased, seeking recovery of damages against the appellees, E. J. Whitehead, and his father, E. F. Whitehead, for the death of his son, Leonard Abell, alleged to have been caused by the negligence of the junior Whitehead in the operation of his automobile, in permitting it to collide with the motorcycle of the deceased when passing him, and directly resulting in throwing him therefrom and killing him.

Upon the conclusion of plaintiff's evidence, the defendants moved for a directed verdict, which was given and judgment duly entered thereon.

This appeal is from that judgment, appellant complaining that the court erred: (1) In sustaining defendants' motion for a directed verdict; and (2) in refusing to permit plaintiff, upon his voir dire examination of the jury, to interrogate it as to whether any member of the panel was at the time employed by or a stockholder in the Indemnity Insurance Company of North America, avowing as grounds for such right of interrogation that he believed the said insurance company was the real party in interest and that it had employed the defense attorney and was in entire charge of the action.

The material facts here disclosed by the record are that about 4 a. m. of June 2, 1935, the deceased, Leonard

Abell, and the defendant E. J. Whitehead were both traveling on the Jackson highway, where it passes through Nelson county, to their respective objective points. Leonard Abell, a boy some 18 years of age, was driving his motorcycle southwardly towards Bardstown, en route to Springfield, where he was to visit his grandmother, while E. J. Whitehead, an adult 23 years of age, was driving the car of his father, E. F. Whitehead, northwardly from Bardstown to his home in Louisville, Ky. Upon their meeting upon the highway while thus traveling, a collision of the car and motorcycle occurred, in which Abell's motorcycle was struck near the middle of its left side by Whitehead's car, resulting in throwing Abell off and so seriously injuring him that he died immediately.

Seeking recovery of damages for this alleged wrongful injury suffered by his son, Len Abell, as administrator, has sued the appellees, alleging that this fatal collision was caused by the negligence of the junior Whitehead, through his permitting the car he was then driving to run into and collide with the motorcycle upon which Abell was riding with such violence that Abell was thrown therefrom and killed.

Defendant answered, denying that he had negligently suffered or caused his automobile to strike or collide with the motorcycle of the deceased.

By the testimony of the several witnesses introduced by plaintiff, it is shown that they went to the scene of this fatal accident within a very short time after its occurrence, which they state took place on this highway some 9 miles north of Bardstown and some 30 miles south of Louisville and at which point the road very considerably curves, as appears from photographs filed as exhibits.

They testify that the physical evidence there found (the tracks of the colliding vehicles, the cutting of the tireless rear wheel of the car into the surface of the road and the oil, which had run onto the highway when the oil tank of the motorcycle was burst by the force of the collision) served to conclusively establish the point of collision and that the defendant Whitehead was, when he collided with the motorcycle of the deceased, driving well over to his left, 2 or 3 feet beyond the center line of the road. Also they testify that it was likewise shown that the deceased, when run into and

struck by the car defendant was driving, was well over on his right side of the center of the road or on the west side of the highway.

This circumstantial evidence given the jury by plaintiff's witnesses clearly showed that the defendant was, when he struck the deceased, negligently driving on his left side of the road, where he struck the approaching motorcycle of the deceased which was being driven on its driver's right side of the road, or where he at the time had the right to drive it.

Section 2739g-139, Kentucky Statutes, entitled "Vehicles Meeting," provides in part that:

"Vehicles proceeding from opposite directions shall pass each other to the right, each giving to the other one-half of the road as nearly as possible."

This circumstantial evidence given the jury conclusively showed the defendant was at the time of the collision driving his car in violation of the provisions of this section of the statutes, and we have repeatedly held that such evidence is sufficient to make out a prima facie case of negligent driving, where it results in injury to other users of the highway when upon their right side of the road, when it becomes the duty of the defendant, if he would avoid the effect of such prima facie showing of negligence, to explain and excuse the matter of his then wrongfully driving on his left side of the road.

In the recent case of Thronton v. Phillips, 262 Ky. 346, 90 S. W. (2d) 347, 348, wherein the evidence showed that the head-on collision of a truck and a car was the result of the truck's being negligently driven on the left side of the highway, beyond the center of the road, the court said:

"The law of the road required Thronton's truck and Mrs. Phillips' automobile to keep to the right of the center of the highway in the direction in which each of them was traveling. The failure of the driver of a motor vehicle to keep to the right of the center of the highway is excused where it is without fault on his part. Hunt v. Whitlock's Adm'r, 259 Ky. 286, 82 S. W. [2d] 364; Consolidated Coach Corp. v. Sarah E. Bryant, 260 Ky. 452, 86 S. W. [2d] 88; Colyer v. Hudson, 261 Ky. 84, 87 S. W. [2d] 92. The evidence establishing

that Thronton's truck was to the left of the center of the highway in which it was traveling at the time it collided with the Phillips car is uncontradicted. * * *

"Mrs. Phillips' automobile was on that portion of the highway where she had a right to be. Thronton's truck was traveling on that portion of the highway where it had no right to be. * * * His truck having created an emergency, he cannot be permitted to cast the responsibility therefor upon Mrs. Phillips."

Plaintiff having thus by his undisputed evidence, aided by the presumption of negligence arising therefrom, established a prima facie case of negligent driving on the part of the defendant as the cause of the collision, we are of the opinion that the court erred in sustaining defendant's motion for a directed verdict, where there was thus before the jury substantial evidence tending to sustain plaintiff's contention that the personal injury suffered by the decedent was directly caused by the presumptive negligence of the defendant in driving, under the circumstances shown, his car into Abell's motorcycle. The evidence here before the jury, upon which the defendant asked a directed verdict, being thus sufficient, when aided by the presumption arising therefrom of defendant's negligent driving, to make out a prima facie case, it presented more than the one question of negligence or no negligence, as to which it was equally consistent, and wherein the rule is that the court will not submit such case to the jury for its speculation. The defendant is not entitled to a directed verdict unless the plaintiff's evidence is insufficient to sustain a verdict in his favor, and, if plaintff has thereby made out a prima facie case, as here we consider he did, a verdict for the defendant should not be directed.

It is to be further noted that appellant complains of the peremptory instruction given to the jury by the court to find a verdict for both the defendants, E. F. Whitehead (the father and owner of the car) and his adult son, E. J. Whitehead, whose alleged negligence upon this occasion, when driving his father's car, is claimed to have caused the injuries and death of the deceased.

As to this, the petition states that:

"The defendant, E. F. Whitehead, was the owner of the automobile, which the said E. J. Whitehead was operating * * * and that the said E. F. Whitehead is the father of the said E. J. Whitehead; * * * that the said E. F. Whitehead kept and maintained the automobile * * * for the pleasure and convenience of the members of his household and that said automobile was so kept and maintained for family purposes and that the members of said household, including the said E. J. Whitehead, had the privilege and authority to use and operate said automobile for their pleasure and convenience at all times, and that at the time and on the occasion when said automobile struck and killed the said Leonard V. Abell, that it was being so used by the said E. J. Whitehead as a member of the household of the defendant, E. F. Whitehead, and for his business, pleasure, and convenience, and that by reason of being the owner of said automobile, which was so kept and maintained by the said E. F. White, the said E. F. Whitehead is liable for any damages brought about by the negligense and carelessness of any member of his household while operating the said automobile."

It is testified by the father, E. F. Whitehead, and undenied, that his son, E. J. Whitehead, was at the time of the accident an adult 23 years of age; also that he, the father, had bought the machine and that the members of his family had the right to use it for their pleasure and convenience.

However, there was no evidence that the son was acting as agent for his father or that the relationship of master and servant existed between them. Further, this allegation of the petition was by agreement ordered controverted of record.

Upon such a showing made by the pleadings and this evidence, the court peremptorily instructed the jury to find the father, E. F. Whitehead, not liable under the "family purpose doctrine" for his son's alleged negligence upon this occasion while using his car so maintained by him.

We are clearly of the opinion that this ruling as to the father was correct.

In the recent case of Ludwig v. Johnson, 243 Ky.

533, 534, 49 S. W. (2d) 347, 348, where the facts presented are very analogous to those found here, we said:

"The petition failed to allege that Darwin Johnson was under 21 years of age or was a person whom his father was under a moral or legal obligation to support. Therefore it failed to state a cause of action under the 'family purpose' doctrine against the appellee Thomas J. Johnson. U. S. Fidelity & Guaranty Co. v. Hall, 237 Ky. 393, 35 S. W. [2d] 550; Creaghead v. Hafele's Adm'r, 236 Ky. 250, 32 S. W. [2d] 997; Malcolm v. Nunn et al., 226 Ky. 275, 10 S. W. [2d] 817; Bradley et al. v. Schmidt, 223 Ky. 784, 4 S. W. [2d] 703, 57 A. L. R. 1100."

In the Bradley Case, supra, we said:

"The record shows quite conclusively, and indeed Henry L. Bradley, Jr., so testified, that outside of business hours Henry L. Bradley, Sr., and Henry L. Bradley, Jr., especially, were accustomed to use this car for pleasure trips. At the time of the accident Henry L. Bradley, Jr., had taken the car out of the garage at home about 3 o'clock in the afternoon, although without the express consent of his father obtained on this particular occasion. He took it for the purpose of driving around on this Sunday afternoon for his own pleasure. At the time of the accident he had his friend and coappellant, Clifton, doing the driving for him because he was tired. The question presented by the motion of Henry L. Bradley, Sr., for a peremptory instruction is whether the facts, as we have above outlined them, conceding for the nonce that Henry L. Bradley, Jr., is liable to the appellee for the injuries she sustained in this accident, makes Henry L. Bradley, Sr., also responsible under the 'family purpose doctrine' as laid down in this state. * * *

"It is true that Henry L. Bradley, Jr., was not a paid chauffeur, yet he was a man 24 years of age, out in the world making his own living, and, although residing with his father, paying for his board under the arrangements he had with Bradley Bros. While it may be true that a parent may be responsible for the negligence of his child in operating, with the parent's consent, an automobile maintained by the parent for family use where the child is living in the household of the parent as an

object of his bounty and is a person whom the parent is under a moral or legal obligation to support, although the child may be using the machine for a trip for his own pleasure, yet, where these elements are not present, no ground of liability on the part of the parent can be discovered. Without the conditions mentioned, the adult child using the automobile for his own purpose and pleasure is serving no purpose of the parent, and so the case falls without the principles of 'master and servant' and 'principal and agent.' * * * But where the parent is under no such moral or legal duty, and where the child is an adult and has assumed a station in life in which he relies upon his own abilities, the lending of a machine by the father to the son in order that the latter may take a pleasure trip of his own does not establish any relationship of principal and agent or master and servant, for in truth the adult son when so using the machine is not discharging any functions of the parent or carrying out any affair or business of the parent. * * * From what we have said, it follows that the motion of Henry L. Bradley, Sr., for a peremptory instruction should have been sustained.''

The facts presented here as to the relationship of the father and his adult son, and the latter's use of the family purpose car maintained by his father upon this occasion, clearly bring the case, as to the father's liability for the son's alleged negligence, within the rule announced in the above-cited cases and by which the father's claimed liability therefor must be controlled and hence denied. For such reason, the peremptory instruction given for the father, E. F. Whitehead, we conclude was correct and the court's ruling therein is affirmed.

Having concluded that the judgment of the chancellor in granting a directed verdict for the defendant E. J. Whitehead was erroneous and must be reversed, we deem it unnecessary to answer with any elaboration the further contention of appellant that he was entitled, under the circumstances shown and avowed, to interrogate the panel of the jury as to whether or not any of its members were employees or stockholders of the insurance company. In ruling upon such point, we have repeatedly stated that such questions are improper, unless they are justified by a showing made that such in-

quiries are in good faith called for to the end that an unbiased jury may be secured. That question was fully discussed and answered in the case of Hoagland v. Dolan, 259 Ky. 1, 81 S. W. (2d) 869, wherein numerous authorities so holding were cited.

For the reasons above indicated, the judgment is affirmed as to E. F. Whitehead and reversed and cause remanded for a new trial in conformity with this opinion as to E. J. Whitehead