## Nowak v. Joseph.

(Decided Nov. 18, 1938.)

HUGGINS & HOGAN for appellant.

FINLEY F. GIBSON, JR. for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Reversing.

The appellant, Joseph Nowak, filed this action against appellee, Alfred S. Joseph, in the Jefferson circuit court, alleging that he received personal injuries as a result of the appellee carelessly and negligently striking him with his automobile on Third Street, near Breckinridge in Louisville. Issue was joined and a trial had before a jury which resulted in a verdict for appellee on which judgment was entered, from which judgment appellant prosecutes this appeal.

Appellant's theory of the case, as developed by his evidence, was that he started across Third Street from the Cook Used Car Lot to go east across the street; that this was a point about 300 feet from Breckinridge Street and 500 feet from York; that he waited until the red light at Breckinridge Street blocked north bound traffic, then looked up Third Street toward York and no cars were in sight for a long distance; that he then started across and when he had gotten over the white line, more than half way across Third Street, he heard the screech of appellee's brakes, looked up and saw the car, but that it was then too late for him to get out of the way; that appellee's car was traveling about 50 miles per hour and struck him, knocking him about 20 feet. Several witnesses corroborate different portions

of appellant's theory and place the speed of the car at from 30 to 40 miles an hour.

Appellee's theory of the case, supported by numerous witnesses, was that he was proceeding at a rate of about 18 miles an hour south on Third Street and that appellant ran from behind cars parked near the Cook Used Car Lot directly into the side of the car; that his car did not strike appellant, but that the palm of appellant's hand struck his front fender producing a dent in it.

Appellant contends that the court erred in instructing the jury in two particulars, namely, (1) that the court should have qualified the contributory negligence instruction by adding thereto a last clear chance instruction which was offered by appellant; and (2) that the court erred in refusing to give an instruction as to the liability of appellee if he was driving at a rate of speed in excess of the statutory limit. Appellant offered an instruction along this line in the form laid down by this court in the case of Utilities Appliance Company et al. v. Toon's Adm'r, 241 Ky. 823, 45 S. W. (2d) 478.

Appellant is correct in both these contentions, the first contention having been disposed of in the case of Ross v. Louisville Taxicab & Transfer Company, 202 Ky. 828, 261 S. W. 590, where the facts are very similar to these. In fact, in that case the plaintiff was injured on the same street, in the same block, but was crossing Third Street from east to west.

Appellant's testimony that this accident occurred in daylight; that he looked toward York Street before crossing and that no car was coming for a long distance, required a modification of the contributory negligence instruction in accordance with the principles laid down in Ross v. Louisville Taxicab & Transfer Company, supra.

Appellant's second contention has been decided by this court many times, the first direct decision apparently being the case of Wight v. Rose, 209 Ky. 803, 273 S. W. 472, and there has been no departure from this decision. The leading case on this question is the case of Utilities Appliance Company et al. v. Toon's Adm'r, supra, in which the court prepared a form of instruction to be submitted on this point.

Appellant having offered instructions covering both

of these questions, it became the duty of the court to give correct instructions thereon. The instruction offered by appellant, modifying the contributory negligence instruction, was in proper form, approved in the Ross Case, supra, and the one offered by him on the question of exceeding the statutory speed limit was in the form laid down in the case of Utilities Appliance Company et al. v. Toon's Adm'r, supra, which has been approved by this court many times.

However, it has been called to our attention that the instruction in the Toon Case is erroneous as to the defendant when a contributory negligence instruction is given and we are constrained to acknowledge that this is correct and that the form of this instruction should be revised.

It will be observed that the first part thereof tells the jury to find for the plaintiff if the defendant was exceeding the rate of speed designated in the statute and if the speed of the car was the cause of the collision; the second part of the instruction tells the jury that if such speed was not unreasonable and improper driving, considering the traffic and use of the street, they should disregard this and be governed by the other instructions.

The fault in this instruction, when a contributory negligence instruction is given is that if the jury should conclude that the defendant was driving at an unlawful statutory speed and that this was the cause of the collision, the jury must find for the plaintiff even though the defendant might then be entitled to a verdict because of the plaintiff's contributory negligence.

If this instruction is to be given as a separate and independent instruction, as suggested in the Toon Case, it is obvious that following the first part of the instruction, wherein the jury is told to find for the plaintiff if there was an unlawful speed and the speed was the cause of the collision, the jury should be instructed that they might still find for the defendant under the contributory negligence instruction. This could be done by modifying that instruction to read as follows:

"The court further instructs the jury that if you shall believe from the evidence that on the occasion mentioned the automobile of the defendant, Utilities Appliance Company, was being driven by its co-de-

fendant and employee, Christy, faster than twenty miles per hour and that the speed of the car was the direct and proximate cause of its striking and fatally injuring the deceased, Mrs. Toon (if you shall believe from the evidence that it did strike her) you will find for the plaintiff, her administrator, unless you find for the defendant on the ground of plaintiff's contributory negligence as in Instruction No. —, or unless you shall believe from the evidence that considering the traffic and use of the street at the time and place, the speed of the car, although exceeding twenty miles per hour, was not unreasonable or improper driving; in which latter event you will be governed by the other instructions given you.''

As a practical matter, we realize that the instruction prepared by the court in the Toon Case is a matter difficult for a jury to comprehend and the addition of the qualifying language we have suggested would further aggravate this situation. We, therefore, believe that this matter may be simplified by incorporating the instruction on this point along with the other instructions defining the duties of a driver, and to this end we suggest the following practical form of instruction generally and as appropriate in this case where the accident occurred in the closely built up business portion of a city:

"(1) 'Ordinary care' as used in these instructions means that degree of care usually exercised by ordinarily prudent persons under circumstances like or similar to those proven in this case. If it is more dangerous to cross a street between intersections than at the intersection a person, so crossing the street, should exercise such increased care in proportion to the increased danger, as a person of ordinary care and prudence would ordinarily exercise under like circumstances.

"(2) It was the duty of defendant, Joseph, driving south on Third Street, to exercise ordinary care to avoid striking pedestrians on the street with his car and that duty included the following duties:

"(a) To have his car under reasonable control;

"(b) To drive his car in a careful manner with

due regard for the safety of pedestrians and at a rate of speed no greater than you may believe from the evidence was reasonable and proper, having regard for the traffic and the use of the street at that time and place;

"(c) To drive his car at a speed no greater than 15 miles per hour, unless you believe from the evidence that the speed of defendant's car, though greater than 15 miles per hour, was not unreasonable and improper driving, considering the traffic and use of the street at that time and place, in which event this duty was not incumbent upon him."

"(d) To keep a lookout for pedestrians on the street;

"(e) To give, if you believe, from the evidence warning was necessary, reasonable and timely warning of the approach of his car by horn, bell or other device, capable of making an abrupt sound sufficiently loud to be heard under all ordinary conditions of traffic;

"(f) To drive on the right 'or west side of the street.

"If you believe from the evidence that defendant, Joseph, failed to observe one or more of these duties and that such failure caused him to bring his car into collision with plaintiff, and thereby injure him, you should find for plaintiff, and unless you so believe from the evidence you should find for the defendant, Joseph.

"(3) It was the duty of Nowak, in undertaking to cross the street, to exercise ordinary care for his own safety, and even though you believe from the evidence that Joseph failed in one or more of his duties, as outlined in the second instruction, yet if you further believe from the evidence that Nowak, in crossing the street, failed to exercise ordinary care for his own safety, and that such failure on his part contributed to cause the collision with Joseph's automobile to such an extent that but for such failure on his part it would not have occurred, then you should find for the defendant; unless you further believe from the evidence that before his automobile struck the plaintiff, Nowak, if it did strike him, the defendant Joseph, saw, or by the

exercise of ordinary care, could have seen plaintiff, Nowak, far enough in front of him, that Joseph could, by the exercise of ordinary care, with the means at hand, have avoided the injury to plaintiff but failed to do so, in which latter event the law is for the plaintiff and you will so find."

These instructions, together with Instruction No. 4 (sudden appearance instruction), and No. 5 (measure of damages), together with the instruction as to the number of jurors required to make a verdict, will properly present the case to the jury if the evidence is substantially the same on the next trial.

It is not necessary to discuss appellant's contention that the verdict is flagrantly against the evidence, further than to say that in our opinion the evidence was sharply conflicting and justified a submission to the jury. The evidence may not be the same on another trial.

For the reasons given, the judgment is reversed with directions to grant plaintiff a new trial and for further proceedings consistent with this opinion.