# Gorman v. Berry (two cases).

Jan. 13, 1942.

Polk South, Jr., and J. Marshall McCann for appellant.

C. X. Johnson for appellees.

OPINION OF THE COURT BY JUDGE RATLIFF—Reversing.

The appellees, who were the plaintiffs below, brought their respective actions in the Franklin circuit court against appellant to recover damages for personal injuries resulting from a collision between the automobile in which plaintiffs were riding and one being operated by the appellant, approaching from the opposite direction. The petitions charged that the collision between the automobiles and the injuries resulting therefrom were caused by the negligence of appellant in the operation of his automobile. The answers denied that appellant was negligent in the operation of his automobile, and affirmatively alleged contributory negligence on the part of plaintiffs, and that the collision was brought about by

the concurrent or joint negligence of the operator of appellees' car and one Robert Bixler, who was driving an automobile in front of appellees, traveling in the same direction, which Bixler automobile collided with appellant's automobile and caused appellant to lose control of his automobile and caused it to collide with appellees' automobile. The affirmative allegations of the answers were controverted, thus completing the issues.

The cases were tried together before the same jury and resulted in a verdict and judgment in favor of appellee Mary E. Berry in the sum of $3,500 for personal injuries, plus $450 for doctors' bills, hospital bills, etc., and in favor of Estelle Berry in the sum of $272. Appellant has appealed from the judgment in favor of Mary E. Berry and entered motion for appeal from the judgment in favor of Estelle Berry.

The motion and grounds for a new trial consist of several items of alleged error, but in brief of appellant there are only two grounds insisted on; namely, (a) the instructions were erroneous, and (b) the damages allowed Mary E. Berry are excessive.

The accident occurred on August 27, 1939, just east of the city limits of Frankfort, Kentucky, on a straight concrete road. Appellees' automobile and the Bixler automobile were traveling eastwardly, the Bixler automobile being in front of appellees. Appellant's automobile, which was approaching from the opposite direction, collided with or "sideswiped" the Bixler automobile which apparently caused appellant to lose control of his automobile and it swerved to his left and collided with appellees' automobile on appellees' side of the road. The evidence involved the rate of speed, movements, positions, etc., of all three of the automobiles. According to the evidence of some of appellees' witnesses, appellant's automobile was running at a speed of about 60 miles per hour. However, the evidence is conflicting as to the rate of speed and other things involving the issue of negligence of the respective operators of the vehicles involved. There is no contention made that the evidence is insufficient to sustain the jury in finding that appellant was negligent.

That part of the instructions given the jury concerning the maximum rate of speed of automobiles on the highway outside of a closely built up business section of

a city or town, was based upon Section 2739g-51, Subsection 3, of the Kentucky Statutes, 1936 edition, which provides, among other things, that "If the rate of speed of automobiles thereon exceeds forty miles an hour it shall be prima facie evidence of unreasonable and improper driving." And, as to the maximum rate of speed permitted in passing another vehicle approaching from the opposite direction, the court instructed the jury that it was the duty of appellant "* * * not to exceed a speed of thirty miles per hour * * *." This instruction was based upon Section 2739g-37, Kentucky Statutes, 1936 edition, enacted in March, 1926.

Evidently the trial court overlooked Chapter 106 of the Acts of 1938 which amended and re-enacted a number of sections of the Statutes pertaining to motor vehicles, including those sections supra, upon which the court instructed the jury. The 1938 Act modified Section 2739g-51 relating to the rate of speed of motor vehicles outside of closely built up sections of a city or town, and fixed the maximum rate of speed at 45 miles an hour, instead of 40 miles an hour permitted under the previous statute under which the court instructed the jury. And, the same Act (1938) also amended and modified Section 2739g-39 concerning the maximum rate of speed of motor vehicles when passing each other from opposite directions. That section as amended, reads as follows: "Vehicles proceeding from opposite directions shall pass each other from the right, each giving to the other one-half of the road as nearly as possible" but does not fix any rate of speed.

In Nehi Bottling Co. et al. v. Flannery, 264 Ky. 68, 94 S. W. (2d) 297, it was held that an instruction defining the duties of a driver of a motor vehicle under statute prescribing the rate of speed which was repealed by a later statute is reversible error. Appellee virtually admits that the court instructed the jury as to the rate of speed under statutes which had been repealed, rather than the statute in effect at the time of the happening of the accident, but insists that the error was technical and nonprejudicial, since it is shown by the evidence that the rate of speed of appellant's automobile was not material, for the reason that appellant's automobile invaded appellees' side of the road and collided with the latter's automobile while it was at a place on the highway where it had a right to be. In support of this con-

tention appellees cite the cases of Thronton v. Phillips, 262 Ky. 346, 90 S. W. (2d) 347, 349; Abell v. Whitehead et al., 266 Ky. 764, 99 S. W. (2d) 770. But the question of an instruction fixing a rate of speed contrary to the statute was not involved in those cases. In the case at bar the instructions required appellant to operate his automobile at a lower rate of speed than that specifically provided in the statute, and also required him not to exceed 30 miles per hour in passing automobiles approaching from the opposite direction, which is also unauthorized by the statute. The jury might have believed that appellant was exceeding 40 miles per hour, yet not exceeding 45 miles, and, it might have also believed that appellant failed to slow his rate of speed to 30 miles per hour in passing vehicles approaching from the opposite direction and, therefore, conceived the idea that appellant was operating his automobile at a rate of speed prohibited by the statute. It requires no stretch of the imagination to see that a jury might be influenced when laboring under the idea that an injury has been inflicted by a person while engaged in an act in an unlawful manner. In the circumstances we are unable to say that the instructions were not prejudicially erroneous, since they denied appellant to some extent rights or privileges allowed him by the statute.

Further complaint is made of instruction No. 1 in that the court instructed the jury that if they found that defendant's car at the time and place of the accident, exceeded 40 miles per hour (should have been 45) "*    *    * it shall be prima facie evidence of unreasonable and improper driving    *    *    *." In Utilities Appliance Company et al. v. Toon's Adm'r, 241 Ky. 823, 45 S. W. (2d) 478, we condemned an instruction in the language of the statute that specified that a rate of speed "was prima facie evidence of unreasonable and improper driving," since such an instruction offended the fundamental rule that the jury should not be told specifically upon whom the burden rests, or that a presumption of law is against one of the parties, although the instructions must be framed so as to indicate the burden. The opinion in that case set out the form of an instruction that should be given when instructing the jury on statutory rate of speed and duties of the driver of a motor vehicle, but later, in the case of Nowak v. Joseph, 275 Ky. 470, 121 S. W. (2d) 939, 941, the form of instruction prescribed in the Toon case, supra, was modified and an approved in-

struction pertaining to questions like and similar to the one here involved relating to the duties of drivers of motor vehicles, was prescribed as indicated in that opinion. That prescribed form of instruction requires that the duties of the driver should be defined by separate paragraphs or items of instruction and when instructing on the question of speed the jury should be instructed that it was the duty of the driver:

> "(c) To drive his car at a speed no greater than 15 miles per hour, unless you believe from the evidence that the speed of defendant's car, though greater than 15 miles per hour, was not unreasonable and improper driving, considering the traffic and use of the street at that time and place, in which event this duty was not incumbent upon him."

In the case supra, the accident occurred in a closely built up section within the corporate limits of a city where a speed of 15 miles per hour is applicable, whereas in the case at bar, the accident occurred in a closely built up section outside the corporate limits of a city where a speed of 45 miles per hour is applicable.

Upon another trial of the case the court will observe the form of instruction indicated in the Nowak case, supra, and instruct the jury accordingly.

Since the case must be reversed because of the errors indicated above it becomes unnecessary for us to pass upon the question of whether or not the damages allowed Mary E. Berry are excessive.

For the reasons stated, the motion for an appeal in the case of Estelle Berry is sustained and the appeal granted, and the judgments in both cases are reversed and remanded with directions to set them aside and grant appellant a new trial in each case, and for proceedings consistent with this opinion.