## Stark's Adm'x v. Herndon's Adm'r.

Nov. 10, 1942.

470

Woodward, Dawson & Hobson, L. W. Morris and Marion Rider for appellant.

McKnight & Shuff and Polk South, Jr., for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Affirming.

On the evening of February 7, 1940, at about 5 o'clock P. M., Miss Mary Herndon drove her automobile from her office in the post office building in Frankfort toward her home in Georgetown. At 4:30 P. M. on the same evening Miss Frances Stark, whose home was in Louisville, received a money order telegram in Georgetown. At 10 minutes after 5 that evening the automobiles in which Miss Herndon and Miss Stark were riding collided at a point one and seven-tenths miles distant from Frankfort and approximately sixteen and one-half miles distant from Georgetown, on the Frankfort-Georgetown highway. Georgetown is a general easterly direction from Frankfort. Miss Stark was instantly killed and Miss Herndon, without regaining conscious-

ness, died shortly after the accident. There were no eye-witnesses to the tragedy. Several persons, who were within the sound of the collision, immediately gathered at the scene thereof. All of them testified that when they arrived at the scene of the accident, both automobiles were to the south of the center of the highway. The car driven by Miss Stark was in the ditch entirely without the limits of the traveled portion of the highway. That of Miss Herndon was on the traveled portion of the highway, one of the rear wheels extending eight or ten inches to the north, the remainder was situate to the south of the center line. All of the witnesses testified that spilled oil, gasoline, broken glass, and other debris evidencing the collision were deposited on the highway to the south of the center line. The exact point of the collision was evidenced by two V-shaped tire marks both of which were to the south of the center of the highway. Tracks traceable to the Stark car commenced close to the point where the V marks appeared.

This action was brought by the administrator of Miss Herndon to recover in damages from the administratrix of Miss Stark for the latter's alleged negligence in the operation of her car at the time of the collision. Judgment was entered upon a verdict in the plaintiff's favor in the sum of $5,350. The defendant contends (1) that the evidence was not sufficient to submit the case to the jury, and (2) the court erred in admitting incompetent evidence. In support of the first contention it is urged that since the evidence was entirely circumstantial, the proven circumstances did not show in which direction either of the victims was traveling at the time of the accident, and the evidence that the collision occurred to the south of the center of the highway was not sufficient to prove that the Stark car was being operated on that part of the highway over which the law allotted to Miss Herndon the right to travel, and (2) if Miss Stark was on that portion of the highway forbidden to her, the circumstances proven fail to show she was there by reason of any negligence on her part.

It is well established in this as well as other jurisdictions that, although negligence will not be presumed, it may be inferred from circumstances which show the accident would not have occurred in the usual and ordinary course, if the driver had been exercising ordinary care, and, in such state of case, the burden to introduce evidence on the issue of negligence is shifted from the

plaintiff to the defendant. R. B. Tyler Co. v. Cantrell, 281 Ky. 718, 137 S. W. (2d) 401, and cases therein cited. In fact, contrary to popular conception, circumstantial evidence is often more conclusive and satisfactory in proof of the ultimate facts to be determined than that adduced from eyewitnesses to the events. Smith v. Commonwealth, 140 Ky. 599, 131 S. W. 499.

Evidence in its nature is direct, or presumptive, or circumstantial. In its character or weight it is primary or secondary and conclusive or prima facie. Bouvier's Law Dictionary, Rawle's Third Revision, Vol. 1, pages 1092-1094. Direct evidence is that method of proof which tends to show the existence or nonexistence of a disputed fact without the intervention of proof of another fact. Presumptive evidence is sometimes mistakenly confused with circumstantial evidence but strict accuracy distinguishes it therefrom. Presumptive evidence is the proof of one fact, which, when shown, has a legitimate tendency to lead the mind to the conclusion that another fact to be proven is in existence. It may be the result of an arbitrary rule or legislative enactment; such as the presumption of death upon a showing of an absence of seven years. Circumstantial evidence is the proof of facts which have a legitimate tendency from the laws of nature, the usual connection of things, and ordinary transactions of business, etc., to show the reasonable mind that the disputed fact was or was not in existence. Thus proof that an object traveled the distance of one mile in one minute is sufficient to establish the fact that its average speed was at the rate of sixty miles per hour. With these distinctions in mind we will consider the facts of the case. There was no direct testimony concerning the cause of the accident. From proof of the fact that 26 minutes before the accident occurred Miss Stark was in Georgetown, that her home was in Louisville, and that 10 minutes before the accident Miss Herndon departed from Frankfort toward her home in Georgetown, no reasonable mind could fail to presume that since the cars collided approximately 1.7 miles from Frankfort and approximately 16½ miles from Georgetown, Miss Herndon was traveling toward Georgetown and Miss Stark toward Frankfort at the time of the collision. Such presumption when indulged by the jury will be upheld by the court. In the light of nature's laws and the usual connection of things and our common experiences, the proven circumstances surrounding the scene of the accident first herein recited, viz., the lo-

cation of the automobile tracks, spilled oil and gasoline, broken glass and other debris, lead the mind to the inescapable conclusion that both cars at the point of the collision were south of the center line of the highway. Thus the presumption indulged that Miss Stark was traveling toward Frankfort and Miss Herndon toward Georgetown and the conclusion that the accident occurred on the south side of the highway leads to the further conclusion that at the time of the accident Miss Stark was driving on that part of the highway which under Section 189.310, Kentucky Revised Statutes (section 2739g-39, Carroll's Kentucky Statutes), it was her duty to yield to Miss Herndon.

There remains for our determination the question whether proof that Miss Stark was traveling on the wrong side of the highway was sufficient to submit the question of negligence to the jury. This question has been decided many times by this court and the invariable holding has been that proof that the operator of an automobile was traveling on the wrong side of the highway creates a prima facie case of negligent driving, where it results in injury to other users of the highway when on their right side of the road. It then becomes the duty of the defendant, if he would avoid the effect of such prima facie showing, to explain and excuse the fact that his car was on the wrong side of the road. Thornton v. Phillips, 262 Ky. 346, 90 S. W. (2d) 347; Abel v. Whitehead, 266 Ky. 764, 99 S. W. (2d) 770. The defendant offered no evidence on this question. We therefore conclude that the nature of the evidence and its prima facie character were sufficient to submit the issue to the jury.

We now turn our attention to the contention that the court permitted the jury to receive incompetent evidence. The evidence complained of was in answer to a question interposed by one of the jurors. The question was not objected to, but after the answer was made counsel for appellant moved the court to strike the question and answer from the record and to admonish the jury not to consider the answer. The court overruled the motion. The record of what occurred follows:

By juror: "Q. In other words they both collided on the right side of the road? A. They was both on the right of the road as you go out."

Counsel for appellant: "We object to the answer and move to exclude it."

The court: "What is the objection?"

Counsel: "How could the witness say that when he was not there?"

The court: "The question was asked by a juror and I think they will understand. They realize he did not see the accident, they were talking about appearances only."

In 64 C. J. page 174, it is said:
"An objection to an improper question, it is held, must be made when the question is asked, and before it is answered, if the answer is responsive to the question and the question is of such a nature as to inform the objecting party of the expected answer, and there was an opportunity to object to the question before it was answered, * * *."

Many cases from a large number of states are cited in support of this rule, but as is pointed out in the text from which the above quotation was taken on page 176, "an objection made after a question is answered is in time where the question itself is highly prejudicial, regardless of the answer, or where no sufficient opportunity was given to make objection sooner, as where the witness answers the question before an objection can be interposed." The question complained of would have been fully answered had the witness said "Yes" or "No." Consequently it was of such a nature as to show that it called for an expression of opinion of the witnesses on one of the material facts in issue. Therefore, the party complaining of the answer had an opportunity to discover its objectionable character in time to interpose seasonable objection. He should not be permitted to speculate on the answer and object only after the answer results in an unfavorable response. But irrespective of the rule recited above, we are of the opinion that the answer complained of was not prejudicial to the substantial rights of appellant. Every fact and circumstance proven in the case shows that the accident occurred where the witness opined it did and his opinion in that respect, to our minds, gave no additional weight to the evidence. A judgment will not be reversed for an error not prejudicial to the substantial rights of appellant. Hazard Dean Coal Co. v. McIntosh, 183 Ky. 316, 209 S. W. 364.

The judgment is accordingly affirmed.