## FORD v. McQUEARY et al.

Court of Appeals of Kentucky.
Feb. 20, 1951.
As Extended on Denial of Rehearing
May 11, 1951.

Richard L. Drye, Louisville, Proctor K. McElroy, Lebanon, for appellant.

Robert M. Spragens, Lebanon, Ben D. Smith, V. O. Blackburn, Somerset, for appellees.

VAN SANT, Commissioner.

On the morning of December 23, 1948 appellee, Gerald McQueary, driving the car of his father, appellee Marvin McQueary, under the family purpose doctrine, met appellant's decedent, Ira Thomas Ford, and John Barlow. They drove to Lebanon where Ford picked up a railway ticket which he previously had reserved. Previous to turning the car over to him, appellee, Marvin McQueary, informed Gerald that the latch on the hood was out of order. Ford, Barlow, and Gerald left Liberty for Yosemite, on which journey the hood twice came loose. In the afternoon they drove to Crab Orchard where two girls joined them. They then drove to Stanford in search of a third girl to join the party. In order to amuse themselves, they drove to Moonbow Inn near Lebanon where the deceased and appellee drank two beers, and the deceased bought a pint of whiskey. He and appellee each took one drink of whiskey after they left Lebanon. Again the hood came loose but was closed by Gerald at a filling station. From the time they left Lebanon until the fatal accident hereinafter referred to, Gerald was driving the automobile at a speed estimated between 40 and 50 miles per hour. When they reached a point about 7 miles from Lebanon, the car left the road, entered a field, and ran into a barn where it was practically demolished and Ford was killed.

McQueary's version of the wreck is that the hood came loose, sprang up, blotted out his vision, thus causing him to lose control of the car. Appellant's version is that McQueary lost control of the car as a direct result of excessive speed.

Appellant qualified as Administrator of the estate of Ira Thomas Ford and instituted this action against Gerald and his father, jointly, for damages to the estate resulting from his death. The case was submitted to the jury under instructions to which we hereinafter will refer. Judgment was entered dismissing the petition in accordance with the verdict of the jury finding for appellees.

Appellant assigns three grounds for reversal of the judgment, they are: (1) the court erred in the giving of instructions 1, 2, and 3; (2) the court erred in refusing to permit the jury to visit the scene of the accident; and (3) the verdict is not sustained by sufficient evidence and is so flagrantly against the weight of the evidence as to show it to have been rendered as the result of passion and prejudice.

The first criticism directed at the first instruction is in respect to its form, which appellant contends had a tendency to confuse the jury as to the issues to be decided by them. Appellant argues that the duties imposed on appellees in the one instruction should have been divided and given in two separately numbered instructions. It is argued that the first instruction should have set out the duties imposed by statute on the driver of an automobile in like and similar circumstances to that proved on the trial; and that the second instruction should have defined the duties of both appellees in respect to operating and permitting to be operated an automobile in a defective condition. Gorman v. Berry, 289 Ky. 88, 158 S.W.2d 155 is cited in support of this contention. In that case the court approved the form of instructions set out in Nowak v. Joseph, 275 Ky. 470, 121 S.W.2d 939. The court said that the duties of the driver should be defined by separate paragraphs or items of instructions, but the judgment was not reversed on that account. Although the duties of appellees in respect to the operation of the defective car are not defined in a separate instruction, they are defined in a separate paragraph and as separate items of the first instruction; so even if noncompliance with the form suggested in Gorman v. Berry, supra, should be cause for reversal in any case, we find no reason for application of the rule in this instance since instruction No. (1) substantially conforms to the form suggested.

The next complaint in respect to instruction No. (1) is that it is prejudicially erroneous in failing to impose on appellees, Am-

brose McQueary and Marvin McQueary, a duty corresponding to that imposed on appellant's decedent in the contributory negligence instruction covering the defective latch on the hood of the car. The instruction complained of did not allow the jury to determine that it was unsafe to drive the car if appellees, by the exercise of ordinary care, *could have known* of the defective condition of the hood. The instruction permitted them to find appellees negligent in the event *only* that they *did know* of this condition, whereas the instruction on contributory negligence permitted the jury to find appellant negligent if he knew or *could have known* of the defective condition. It must be conceded that the complaint concerning the instruction would be well taken, if the error had been made in respect to a real issue in the case; and ordinarily, it is prejudicial error to submit a fictitious issue. However, we are of the opinion that the error in the peculiar circumstances of this case was not prejudicial. Whilst appellant pleaded negligence in respect to the defect of the car as well as in respect to the speed at which it was being driven, he relied on speed and did not introduce any evidence in respect to the defect of the car. Appellees testified as to the defect of the car, but their testimony, which was uncontradicted, showed that they knew the latch on the hood was defective. The jury could not escape the conclusion that the driver of the car was negligent in one of these two respects, consequently its verdict in favor of appellees could have been rendered only in accordance with a finding that appellant's decedent was guilty of contributory negligence. The instructions in respect to contributory negligence, as we presently shall see, were not erroneous. Therefore, we think the error upon which the second complaint of instruction No. (1) is based was not prejudicial in the circumstances of this case, although it would have been, had not appellees admitted in their testimony that they knew of the defect.

 Instruction No. (2) was an instruction on contributory negligence in the event the accident was the direct result of the negligence of Gerald McQueary in operating the automobile at an excessive rate of speed and instruction No. (3) was a contributory negligence instruction for guidance of the jury in the event they found the accident to have been a direct result of negligence in operating a defective automobile. The complaint concerning these two instructions is that they should have been given in one instruction, which is the converse of appellant's contention in respect to instruction No. (1). We think the two instructions covered the law of the case in respect to contributory negligence and did not, as contended, overemphasize the theory of contributory negligence. We also believe that all of the instructions properly informed the jury of the whole law applicable to the case.

 Appellant complains that the court erred in overruling his motion to allow the jury to view the scene of the accident as provided in Section 318 of the Civil Code of Practice. It is argued that, if permitted to visit the scene, the jury would have been able to inspect the culvert and ravine over which it is alleged the automobile passed after it left the road; and, since the automobile did not turn over when it struck these obstructions, the jury would have come to the inevitable conclusion that the automobile was traveling at such a high rate of speed that it jumped the ravine and that "speed and speed alone in conjunction with the defective condition of the automobile was the proximate cause of this accident." Photographs of the scene of the accident were filed in evidence and plainly show the ravine referred to; thus the jury had a picture of the scene before them. We invariably have held that allowing a jury to visit the scene of an accident is a matter which addresses itself to the sound discretion of the court— indeed, Section 318 of the Civil Code of Practice so provides—and we are of the opinion that, in the circumstances of this case, the court did not abuse such discretion. Browning's Adm'x v. Louisville & N. Railway Co., 294 Ky. 317, 171 S.W.2d 448.

 The final complaint is that the verdict is not sustained by sufficient evidence and is so flagrantly against the weight of the evidence as to manifest the fact that it was rendered as a result of pas-

sion and prejudice. We cannot agree with this contention. Assuming, as appellant contends, the automobile was traveling at such an excessive rate of speed as to constitute negligence on the part of the driver, the evidence shows without contradiction that this speed had been maintained for a distance of approximately seven miles, yet Ford made no protest to the driver. A guest in an automobile knowingly may not permit his host to endanger his safety or his life and recover for injuries or render it possible for his administrator to recover for his death, unless, if time allows, he protests the negligence of his host. Louisville & N. Railway Co. v. Hadler's Adm'r, 269 Ky. 115, 106 S.W.2d 106. On the other hand, if we should assume that the accident was caused by the defective condition of the car, such condition had been manifested to Ford on three previous occasions, yet he continued to ride in the car, apparently willing to assume the risk involved. In either event, if the jury had believed either one or both of appellees to have been negligent, the evidence was sufficient for them to find for appellees under the applicable instruction on contributory negligence.

The judgment is affirmed.