William M. ELLINGTON et al., Appellants,

v.

U. A. STRADER, Appellee.

Court of Appeals of Kentucky.

Dec. 2, 1955.

Rehearing Denied Jan. 27, 1956.

Earl T. Osborne, Benton, for appellants.

John C. Lovett, Benton, for appellee.

MILLIKEN, Judge.

This case grows out of a collision of the appellants' automobile with a cow on a public road slightly after dark on January 7, 1955, in which the plaintiffs' car was demolished, the wife injured, and the cow killed. This decision involves the question as to which party to the litigation had the duty of going forward with the production of evidence. After the appellants (to whom we shall refer as plaintiffs henceforth) had produced evidence of the accident and of the appellee's ownership of the cow, the trial court peremptorily instructed the jury to find for the defendant (appellee) on the theory that the plaintiffs had failed to establish the defendant's negligence in permitting the cow to stray upon the public highway.

The plaintiffs' action was based upon Chapter 259, KRS, governing "Strays And Animals Running At Large". The pertinent section of the Chapter, KRS 259.210 (1, 2), states:

"(1) No person shall permit any cattle owned by him or under his control or in his custody, to run at large.

"(2) If any damage is committed by cattle permitted to run at large, the owner of the cattle shall be liable for all damages, whether the place where the damages occurred is enclosed by lawful fence or not. The person damaged shall have a lien on the cattle committing the damage for the amount of the damage and cost of suit."

The leading case construing the quoted statute is Wigginton & Sweeney v. Bruce's Guardian, 174 Ky. 691, 192 S.W. 850, 852, and it is the interpretation of our opinion in that case which was the source of the trial court's decision. In the Wigginton case proof of negligence on the part of the owner of the animals was introduced, while in the case at bar the plaintiffs relied fundamentally on the fact that the cow was out on the highway in violation of the statute.

In the last topical paragraph of the Wigginton opinion, this court said:

"Under the above authorities, it is our judgment that the words in the statute in question, 'to permit any stock to run at large,' are properly construed to mean, as defined by the trial court, to knowingly allow stock to roam at large at will, or wander without restraint or control, or to fail to exercise, in order to prevent same, that degree of care that is usually exercised by ordinarily prudent persons under the same circumstances, and that the evidence in this case, upon this question, presented an issue for the jury, and the court did not err in overruling the motion for a peremptory instruction."

The Wigginton case is commented upon in an annotation in 34 A.L.R.2d at page 1288 to the effect that "the courts have generally held, or recognized, that statutes of this type are not violated in the absence of negligence by the owners of the animals." Although the impressions gained from this commentary and the quotation from the opinion in the Wigginton case are true in a general sense, they are not decisive of the case before us for decision. The instant case turns on whether the owner of the cow had the duty to produce evidence that he was not negligent after the plaintiffs had proved the collision with the cow and had offered testimony to the effect that the defendant owned the cow.

In fact, in the Wigginton opinion, this court quoted approvingly: " 'The fact that an animal is at large is prima facie evidence that it is at large contrary to the terms of the statute' * * *. 'Suffering or permitting an animal to go at large implies knowledge, consent, or willingness on the part of the owner, or such negligent conduct as is equivalent thereto, but does not comprehend a case where, through some untoward circumstance, the owner is unable to watch and care for it in a particular instance.' "

After the plaintiffs established that the accident happened and offered proof that the defendant owned the guilty cow, it seems to us that it would not be unreasonable to require the owner of the cow, who had peculiar means of access to the facts as to how the cow got out, to make those facts known to the court. Such procedure is much more logical and sensible than to require the plaintiffs to offer proof as to how the cow escaped. We have held in an automobile collision case, in which both drivers were killed and no eyewitnesses were available, that the physical evidence that the accident occurred on the plaintiff's right-hand side of the road created a prima facie case which required the defendant to explain and excuse the fact that her car was on the wrong side of the road. When the defendant failed to do so, the case was submitted to the jury on the plaintiff's evidence of a prima facie case, and a substantial verdict for the plaintiff was sustained by this court. Starks' Adm'x v. Herndon's Adm'r, 292 Ky. 469, 166 S.W.2d 828.

It is our conclusion, therefore, that the plaintiffs established a prima facie case of negligence on the part of the defendant, and that trial convenience, as well as the successful administration of justice, requires the defendant to offer evidence unless he wishes a directed verdict to be rendered against him as to his liability, leaving to the jury only the amount of damages. We have reached this conclusion although cognizant of the fact that there are refinements in our case law as to when and when not directed verdicts should be given in cases where proof is inferential or presumptive. Droppelman v. Willingham, 293 Ky. 614, 169 S.W.2d 811; Black Mountain Corp. v. Partin's Adm'r, 243 Ky. 791, 49 S.W.2d 1014; Geller v. Geller, 314 Ky. 291, 234 S.W.2d 974; Schecter v. Hann, 305 Ky. 794, 205 S.W.2d 690; Ralston v. Dossey, 289 Ky. 40, 157 S.W.2d 739; Res Ipsa Loquitur Doctrine in Ky., 37 K.L.J. 327. As to when res ipsa loquitur applies see Cox v. Wilson, Ky., 267 S.W.2d 83; Basic Problems of Evidence, A.L.I., Morgan, Chapter 2.

The judgment is reversed for proceedings consistent with this opinion.