Donald GROSS et al., Appellants,

v.

Stella BARRETT, Administratrix of the Estate of Roscoe Barrett, Deceased, Appellee.

Court of Appeals of Kentucky.

Feb. 3, 1961.

Rehearing Denied Nov. 22, 1961.

O. J. Cockrell, Jackson, E. B. Rose, Beattyville, for appellants.

J. Douglas Graham, Campton, for appellee.

CULLEN, Commissioner.

The administratrix of the estate of Roscoe Barrett, deceased, recovered a $10,000 judgment for wrongful death against Donald Gross, driver, and C. M. Carpenter, owner, of a truck with which Barrett's automobile collided, causing his death. Gross and Carpenter have appealed, asserting as their main contention that Barrett was contributorily negligent as a matter of law.

The collision occurred in a sharp curve cut through the edge of a hill on State Highway No. 30, which has a blacktop surface around 19 feet in width. It was daylight but there was a light rain falling and the pavement was wet. The curve is to the right as one approaches from the north, and the inside of the curve is against the bank of the hill. On the outside of the curve, at the north end, there is a low rock formation which is the toe of the hill that remained after the highway was cut through the hill.

Barrett, in a Dodge automobile, approached the curve from the north. Gross, driving a large gravel truck, approached from the south. The evidence is conclusive that the two vehicles collided in the outside lane (which was the truck's right lane) and came to rest headed into the low rock formation above mentioned.

Gross was the only eyewitness to the actual collision. He testified that he came into the curve at a speed of 20 miles per hour or less, on his right side of the road; he saw the car coming "about two truck lengths in front of me;" then "It happened so fast all I seen was he was gripping the steering wheel like he was froze to the steering wheel and he turned to the right and I hit him. He turned to my right, to his left and I turned to the right too * * I was already in my side of the road. I was on my side all the time."

The plaintiff's theory of the case was that the truck entered the curve on the wrong side of the road, and Barrett on the right side; as the two vehicles came into view of each other, a distance of some 50 feet apart, Barrett was confronted by an emergency and turned to his left in an effort to avoid the truck; at the same time the truck turned to its right side, resulting in the collision in the truck's lane. Having no direct evidence that this is what happened, the plaintiff was required to build his case on deductions from circumstantial evidence, consisting of testimony as to tire tracks.

Two witnesses for the plaintiff, who arrived at the scene a few minutes after the collision, testified that there were tire tracks leading from the point where the wheels of the truck came to rest back across the highway a distance of some 40 feet into the inside lane of the curve (which was the wrong lane for the truck). These witnesses also said that there were tire tracks leading back from the Barrett car a distance of around 40 feet into the inside lane (Barrett's right lane). Witnesses for the defendants did not observe any tire tracks of the truck, but they did see tracks leading back from the Barrett car a distance of 22 feet into the inside lane.

While the testimony as to the tire tracks of the truck is not very satisfactory (one of the witnesses did not make his observation of the tracks until after some seven gravel trucks had passed the scene, and the other had signed an investigator's report containing the statement that this witness had not seen any tracks of the truck), we will accept it for the purposes of this appeal as probative evidence that at a point approaching or entering the curve the truck was on the wrong side of the road. The testimony concerning the tracks of the Barrett car, from the witnesses for both parties, indicates convincingly that the car was on its right side as it approached the curve.

The difficulty with the plaintiff's case is that it requires a deduction or inference, from the evidence that in approaching the curve the truck was on the wrong side of the road and the car on the right side, that the driver of the car deliberately and intentionally turned across the road to his left as an emergency measure.

In order for circumstantial evidence to be sufficient to prove a civil claim it must do more than suggest a possibility, and a recovery is not authorized if liability is a matter of conjecture, surmise or speculation; if a jury is required to speculate, the party must lose upon whom the burden of proof ultimately rests. Bryan v. Gilpin, Ky., 282 S.W.2d 133; Steely v. Hancock, Ky., 340 S.W.2d 467.

In a number of cases physical evidence such as tire tracks has been held sufficient to prove *where* the point of impact was, or even *how* (in what courses) the vehicles approached the point of impact. See C. L. & L. Motor Express Co. v. Achenbach, 259 Ky. 228, 82 S.W.2d 335; Abell v. Whitehead, 266 Ky. 764, 99 S.W.2d 770; Silver Fleet Motor Express v. Wilson, 291 Ky. 509, 165 S.W.2d 48; Stark's Adm'x v. Herndon's Adm'r, 292 Ky. 469, 166 S.W.2d 828. But we are not aware of any case holding that tire tracks may constitute proof of *why* the driver of a vehicle took a particular course.

It is of course *possible* that Barrett intentionally turned his car to the left side as an emergency measure. However, it is equally possible that he went to the left side of the road because he did not have his car under control or was approaching at too great a speed to negotiate the curve. There was testimony that at a point 500 yards from the curve he was driving 60 or 65 miles per hour. From photographs of the scene introduced in evidence and from the testimony of the witnesses with reference to the photographs it appears that Barrett never started around the curve but went in almost a straight line across the road to the point of collision which, as previously stated, was at the north end of the curve.

The fact that Barrett was on the wrong side of the road at the time of the collision was prima facie proof of negligence on his part. Stark's Adm'x v. Herndon's Adm'r, 292 Ky. 469, 166 S.W.2d 828; Myers v. Walker, Ky., 322 S.W.2d 109. His administratrix had the burden of proving that his presence on the wrong side was not due to his negligence. The evidence with respect to the tracks of the two vehicles, while it gives some credence to the emergency theory, does not exclude the hypotheses of lack of control or excessive speed. The true reason for Barrett's being on the wrong side is a matter of conjecture, surmise or speculation. Accordingly, it is our opinion that the trial court erred in not directing a verdict for the defendants.

The appellants did not move for judgment n. o. v., so we can only remand the case for a new trial. If upon another trial the evidence is substantially the same the court will direct a verdict for the defendants.

The appellee concedes that the instruction on emergency was not technically correct. If upon another trial the evidence should be such as to warrant submission of the case to the jury, the court will give the correct instruction.

The judgment is reversed for proceedings in conformity with this opinion.