**Martin J. CAMPBELL, d/b/a Western Kentucky Livestock Market, Appellant,**

**v.**

**N. H. WHITE et al., Appellees.**

Court of Appeals of Kentucky.

May 25, 1962.

Milliken & Milliken, G. D. Milliken, Jr., Bowling Green, for appellant.

Paul Huddleston, Bowling Green, for appellees.

CLAY, Commissioner.

Plaintiff appellees recovered something over $6,000 for personal injuries suffered when attacked by a boar hog which escaped from the livestock yards of defendant appellant. Defendant's contention on this appeal is that he was entitled to a directed verdict.

During a sale the hog, weighing approximately 340 pounds, became excited, jumped a 3½ foot fence and escaped. It was pursued by one of defendant's employees who was unable to recapture it. The hog ran up

on the front porch where plaintiffs were sitting, attacked and injured them.

No claim is made that the animal had been previously known to be vicious. Plaintiffs' legal theory is that the defendant negligently failed to (1) prevent its escape, (2) recapture it, and (3) warn plaintiffs of its dangerous propensities.

KRS 259.210(1) provides:

"No person shall permit any cattle owned by him or under his control or in his custody, to run at large."

 The word "cattle" includes hogs (KRS 446.010(5)), and the statute is violated if the person having control of the animal fails to exercise reasonable care to prevent its running at large. Wigginton & Sweeney v. Bruce's Guardian, 174 Ky. 691, 192 S.W. 850. We have also held that if a person is damaged by an animal at large, the plaintiff has made a prima facie case by proving the accident and the defendant's ownership (or control). Ellington v. Strader, Ky., 285 S.W.2d 497.

Defendant's contentions are that there was no actual proof of negligence and if there was a presumption of negligence, it was completely overcome by his evidence. This evidence was in substance that the hog was handled in the customary manner in the stockyard; that the enclosure in which it was confined was of approved type and height; and that in many years of operation no hog had jumped the fence as this one did. However, this proof did not conclusively establish freedom from negligence. If there are *reasonable inferences* of negligence to be drawn from the evidence, the jury is the sole judge thereof. McGraw's Adm'r v. McGraw's Adm'r, 293 Ky. 722, 169 S.W. 840.

Reasonable inferences would be that the hog was mishandled in such a way as to unduly excite it, or that in view of such excited state other employees of defendant then available should have assisted in preventing its escape. (The hog made one unsuccessful attempt to jump the fence.) When the animal did escape, negligence could properly be inferred from the fact that only one of defendant's employees went in pursuit. (As a matter of common knowledge, it is almost impossible for one man to corral an enraged and excited hog.)

While this animal had initially no vicious propensities, they did develop while it was being handled in the stockyard. (It charged one of defendant's employees so vigorously that the latter twice "climbed the wall".) The fact that defendant maintained what was generally considered an adequate enclosure or the fact that this type of occurrence had not happened previously does not necessarily absolve him of liability. In view of all the circumstances, fair inferences of negligence could be drawn from the handling of this animal prior to its escape and from failing to recapture it immediately thereafter. In our opinion an issue for the jury was presented.

The judgment is affirmed.